LADNIER *v.* CUEVAS. *et al.*[*]

[103 So. 217. No. 24781.]

(Division B. March 23, 1925.)

1. DEEDS. *If conveyance is sufficiently certain, additional description failing as to accuracy should be rejected as surplusage; on contradiction in description of premises conveyed, mistaken part should be rejected, and other permitted to stand.*

Where there is sufficient certainty in a conveyance, and afterwards an additional description which fails in point of accuracy, the latter should be rejected as surplusage. Where there is a contradiction in the description of the premises conveyed, the mistaken or false part of the description should be rejected and the other part permitted to stand.

2. DEEDS. *Conveyance describing land by fraction of section held sufficient, after rejecting impossible description as to range and township.*

The grantor intended to convey to the grantee the one-fourth undivided interest of the former in the Northeast quarter of the Northwest quarter and the Northwest quarter of the Northeast quarter of section 1, township 6, range 13, in Harrison county, Miss. The land was described in the conveyance as follows: "My interest being a one-fourth (¼) interest to the following described land, situated in Harrison county, state of Mississippi in section one (1), township six (6), range thirteen (13) of the Northeast quarter of the Northwest quarter, and the Northwest quarter of the Northeast quarter of section one (1), range six (6), township thirteen (13)." There was neither township thirteen nor range six in Harrison county, Miss. Therefore the latter clause of the description (section 1, range 6, township 13) was an impossible description. *Held,* that the latter should be rejected, and the description left, although irregular, was sufficient.

___

*Headnote 1. Deeds, 18 C. J., section 255.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by M. L. Ladnier against Lillie Cuevas, and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*O. J. Dedeaux,* for appellant.

The chief ground upon which the appellant expects to prevail in this suit is that the deed from Lillie Cuevas to her mother, Alesia Ladnier, does not properly describe

the land and therefore, as far as it affects the land in question, is void.

If the court will notice, the last section, township and range would place the land in Jackson county, which, as far as affecting Harrison county land, would not be operative. We are not unmindful of the maxim of the law that a useless thing in a description does not operate to destroy that which is useful, and if, as is disclaimed by the appellee, that since the last section, township and range is an impossible description as far as affecting Harrison county land is concerned, and should be thrown out and disregarded, our contention is that if it is true that the last section, township and range should be stricken out, and the deed interpreted exclusive of that part of the description, we contend that it would be doing violence to the language of the deed and would not be permitted by law, because if the part of the deed which is impossible is disregarded, certainly every part of that impossible part should be disregarded, so when you disregard the last section, township and range, you have, also, to disregard that part of the subdivision of section after the conjunction "and" in the description because certainly "and" the Northwest quarter of the Northeast quarter of section 1, range 6, township 13, belong together.

The case for consideration by the court is not what Lillie Cuevas and Mrs. Alesia Ladnier intended to convey, but what they did actually convey by the deed. *Dunbar* v. *Aldrich,* 79 Miss. 698, 31 So. 341; *Goff* v. *Avent,* 84 So. 134; *Goosey* v. *Goosey, et al.,* 48 Miss. 210; *Bowers* v. *Andrews,* 52 Miss. 596; *Haughton* v. *Sartor,* 15 So. 71.

We contend, therefore, the fact that the township and range following the description of the sectional subdivision which places it in another county than Harrison, operated to destroy the description, and if we are mistaken in this contention, the deed from Lillie Cuevas to her mother, Alesia Ladnier, is certainly no good as to the last forty of the Northwest quarter of the North-

east quarter, because of the conjunction "and" inserted in advance of the description.

*C. B. Adam,* for appellees.

We insist that the deed is good and conveys the interest of Lillie Cuevas in the Northeast quarter of the Northwest quarter and the Northwest quarter of the Northeast quarter of section 1, township 6, range, 13, Harrison county, Mississippi. We cannot agree with the interpretation and construction placed on the deed from Lillie M. Cuevas to her mother, by counsel for appellant.

It is a maxim in law that a useless thing in a description does not operate to destroy that which is useful, and it is an established doctrine that where there is a portion of the description which it is utterly impossible to apply, but if by eliminating that impossible description there still be left enough to make a good description, that which is impossible is disregarded. We are obliged therefore, to eliminate from the description here that which is impossible of application and when that is done, there is left enough of the description to make a good deed to the land here sued for. 8 R. C. L. 1073; *Phillips* v. *Porter,* 3 Ark. 18, 36 Am. Dec. 448; *Clark* v. *Munyan,* 22 Pick. (Mass.) 10, 33 Am. Dec. 752; *Morton* v. *Jackson,* 1 S. & M. (Miss.) 494, 40 Am. Dec. 107.

So, if the description is full, true and perfect in all respects, without certain words, and false and impossible with them, those words must be rejected. *Anderson* v. *Baughman,* 7 Mich. 69, 74 Am. Dec. 699; *Roberts* v. *Robertson,* 53 Vt. 690, 38 Am. Dec. 710.

And where some particulars are false and others true and the latter sufficiently designates the land, those which are false and inconsistent therein, will be rejected. *Vose* v. *Handy,* 2 Greene (Me.), 11 Am. Dec. 101; *Hartt* v. *Rector,* 13 Mo. 497, 53 Am. Dec. 157; *Right of Way Oil Co.* v. *Gladys City Oil & City Mfg. Co.* (Tex), 147 S. W. 37, 51 L. R. A. 268; 8 R. C. L. 1074; *Phillips* v. *Porter, supra; Clark* v. *Munyan, supra.*

We earnestly submit that the decree of the lower court should be affirmed.

Argued orally by *O. J. Dedeaux,* for appellant.

ANDERSON, J., delivered the opinion of the court.

Appellant, M. L. Ladnier, filed his bill in the chancery court of Harrison county against appellees Lillie Cuevas and her mother, Aleshia Ladnier, to cancel and set aside a conveyance from the former to the latter to one-fourth interest in eighty acres of land in that county, and to confirm appellant's claim of title hereto acquired by him at an execution sale against the appellee Lillie Cuevas. There was a trial on bill, answer, and proofs, resulting in a final decree dismissing appellant's bill, from which decree he prosecutes this appeal.

The land involved is a one-fourth undivided interest in the Northeast quarter of the Northwest quarter and the Northwest quarter of the Northeast quarter of section 1, township 6, range 13, in Harrison county. There being no point made as to the procedure in the case, it it not deemed necessary to set out further how the question involved arose. It is sufficient to say that the question is whether or not the following conveyance from appellee Lillie Cuevas to her mother, appellee Aleshia Ladnier, by which the former attempted to convey to the latter one-fourth undivided interest in the eighty acres of land involved, was void. Leaving off the signature, date, acknowledgment, and filing and recording indorsements on the deed, it is in this language.

"State of Mississippi, County of Harrison.

"For and in consideration of the sum of twenty-five dollars ($25.00) cash in hand paid, and other valuable considerations, I do hereby grant, bargain, sell, and quitclaim all my right, title, and interest to Mrs. Alesia Ladnier, my interest being a one-fourth ($\frac{1}{4}$) interest to the following described land, situated in Harrison county,

state of Mississippi in section one (1), township six (6), range thirteen (13) of the Northeast quarter of the Northwest quarter and the Northwest quarter of the Northeast quarter of section one (1), range six (6), township thirteen (13)."

Appellant's position is that the deed is void on its face because it is meaningless, while appellee contends that it is made good by striking out, which should be done under the law, that portion of the description which is impossible, namely, "of section 1, range 6, township 13." The question, we think, is settled in favor of the contention of appellees by certain well-established principles of the construction of conveyances. They are: Where there is sufficient certainty in a conveyance, and afterwards an additional description which fails in point of accuracy, the latter should be rejected as surplusage. Where there is a contradiction in the description of the premises conveyed, the court should reject the mistaken or false part of the description permitting the other to stand. If a description in a conveyance is true and perfect in all respects without certain words and false and improper with them such words must be rejected. Stating it in a different way, words necessary to ascertain the premises conveyed must be retained, while words not necessary for that purpose should be rejected if inconsistent with the others. 8 R. C. L., p. 1073, section 128, and cases in notes.

The false part of the description in this case is the township and range named in the last clause of the deed. There is no section 1 of township 13, range 6, in Harrison county. It is therefore an impossible description. Striking that out, as must be done under the principles above stated, there remains this description following the statement of the state and county in which the land is situated: "In section 1, township 6, range 13 of the Northeast quarter of the Northwest quarter and the Northwest quarter of the Northeast quarter." That description although irregular and unusual, because the

section, township, and range is made to precede the governmental subdivisions of the section intended to be conveyed, nevertheless it shows that the purpose was to convey the land here involved, namely, the Northeast quarter of the Northwest quarter and the Northwest quarter of the Northeast quarter, section 1, township 6, range 13. It seems clear that that and no other was intended by the conveyance. The court will not hold a description in a conveyance void, if looking through its irregular form to its substance it may be ascertained with certainty what land was intended to be conveyed. If that can be done, the description is sufficient.

*Affirmed.*