### READUS *et al* v. EASTERLING *et al.**

(Division B. Dec. 6, 1926. Suggestion of Error Overruled Jan. 17, 1927.)

[110 So. 769. No. 26025.]

MORTGAGES. *Notice of mortgage foreclosure sale held sufficient, notwithstanding patent transposition of two lines.*

Notice of mortgage foreclosure sale, containing all required by statute and the mortgage, *held* not insufficient, because of patent transposition of two lines thereof, which could not have misled person of ordinary intelligence.

*Corpus Juris-Cyc. References: Mortgages, 41 C. J., p. 949, n. 77.

APPEAL from chancery court of Hinds county, First district.

HON. V. J. STRICKER, Chancellor.

Suit by Mattie Readus and others against Lamar F. Easterling and others. Decree of dismissal, and plaintiffs appeal. Affirmed.

*P. G. Cooper*, for appellants.

This is a suit to redeem real property from a void trustee's sale under provisions for sale in deed of trust, section 2456, Hemingway's Code (section 3092, Code of 1906). The appellants contend that the notice given by the trustee in the notice of sale was fatally defective and did not comply with the terms of sale set out in the deed of trust; and that the said notice failed to give the time, place and terms of the sale, as required under the terms of sale set out in the deed of trust; and that the purported notice was no notice in this respect, and could not be construed to be such notice as required under the terms of sale set out in the deed of trust.

The court held in *Yellowly* v. *Beardsley,* 76 Miss. 613, that the essentials of a notice of sale under a trust deed

are statements of the time, place and terms of sale. See also 27 Cyc., page 1469 (g) citing *Fitzpatrick* v. *Fitzpatrick*, 6 R. I. 64; *George* v. *Clark*, 75 Ill. 485; *Johnson* v. *Cox*, 37 Minn. 530; *Beatia* v. *Butler*, 21 Mo. 313, 75 Am. Dec. 681.

If the mistake is serious and of a nature to mislead or deceive parties interested or if it is shown actually to have mislead them, the publication must be discontinued, an entirely new advertisement begun and continued for the required length of time. If this is not done, the sale well be set aside. *Ritchie* v. *Juee*, 137 Ill. 453; *Pratt* v. *Tinckon*, 21 Minn. —; *Well* v. *Pfeiffer*, 4 Yeates Pa. 203.

It has been held that a foreclosure sale made without giving the notice provided for or required by the mortgage or the deed of trust passes no title. *Sanders* v. *Askew*, 79 Ala. 433; *Gebhard* v. *Sattler*, 40 Io. 152; *Bigler* v. *Waller*, 15 Wall. U. S. 297; 20 L. Ed. 891. See also 27 Cyc., page 1504, citing *Woodruff* v. *Coffman*, 138 Mich. 134; *Folsam* v. *Lockwood*, 6 Minn, 186; *Cox* v. *Am. Mort. Co.*, 40 So. 739.

The generally accepted doctrine of this country is that the purchaser at the sale is chargeable with notice of defects and irregularities and as to him, the rule of *caveat emptor* applies. *Jones* v. *Haggler*, 95 Ala. 529, 10 So. 345; *Whitman* v. *Doe*, 24 Miss. 675.

The grantor in a trust deed is not estopped to set aside an irregular sale on default because he was present at the sale and did not object to it. *Shears* v. *Traders Bldg. Ass'n*, 58 W. Va. 655, 52 S. E. 860.

We submit that the above sustains our contention upon every theory that the trustee's notice of sale was absolutely void, there being no statement of the time of sale, no place of sale, and no terms of sale—all essentials of a notice of sale under a trust deed; and for that reason no title passed to Mrs. Ruth Wilkinson, as is held in cases cited above.

- *Morse & Bryan,* for appellees.

The recital in the trustee's deed that every requirement of the law had been complied with showed that said trustee has exercised the powers conferred upon him in the manner required by law. Anyone undertaking to show that he did not would have the burden of making such a showing. Section 2276, Hemingway's Code, provides how land shall be sold under mortgage and deed of trust.

Examining the notice as published in the newspaper discloses the fact that said advertisement was made according to section 2276, Hemingway's Code. It was published for four weeks. The trustee's deed states that a notice was posted at the courthouse. The notice as advertised discloses the name of the mortgagors, the trustee fixed the time and place of foreclosure and the trustee's deed shows that the sale was held within the hours designated by the statute.

It is apparent from the most superficial examination of the advertisement that the printer transposed two lines. All of the essential elements required, however, are in the notice, all of the requirements of the statute are in the notice. Anyone examining the notice would have notice of the mortgagors, the description of the property, the book and page where the mortgage was recorded, the name of the trustee, the date of and place where the sale would take place. See *Wayburn* v. *Watkins,* 44 So. 145; *Drake* v. *Rhodes,* 46 So. 769; 19 R. C. L., section 413, page 598 and section 141, page 599. See also 3 Jones on Mortgages, section 1839, page 533; and *Beacon Hill Land Co.* v. *Bowen,* 33 R. C. L. 404, 82 Atl. 81, also, section 1851, page 549.

ANDERSON, J., delivered the opinion of the court.

Appellants brought their bill in the chancery court of the First district of Hinds county against appellees to

redeem, from a foreclosure sale *in pais* under two mortgages, certain lots described in the bill, situated in the city of Jackson. The cause was heard on original bill, answer, and proofs, and decree rendered dismissing appellants' bill. From that decree, appellants prosecute this bill.

The ground on which appellants sought by their bill to redeem the lots involved was that the foreclosure sale was void. Appellants contend that the sale was void, because the notices advertising the sale were so confusing and indefinite as to certain essential requisites that, under the law, they amounted to no notice at all to prospective purchasers. The notices published in a newspaper and posted under the provisions of the mortgages were in this language:

"By virtue of the authority vested in me as trustee in a certain deed of trust executed by Richard and Mattie Readus to L. D. McBride, on the 4th day of September, 1915, the same being recorded in Deed Book 94, Page 432, and of another deed of trust executed by Richard and Mattie Readus to L. D. McBride, on the 23d day of November, 1915, which is of record in the office of the chancery clerk, in deed book 101, page 48, both notes and deeds of trust having been transferred and assigned by L. D. McBride to J. G. McBride, default having been made in the payment of said indebtedness and having been requested to execute said deed of trust according to the terms thereof, I, L. F. Easterling, Trustee, will on the 14th day of January, 1920, *and best bidder for cash at the front offer for sale and sell to the highest door of the county court house, in the*

City of Jackson, Mississippi, at public outcry, the following property mention-ed in said deed of trust to-wit: 23 feet off of the E side of N. 1/2 of Lot 4 of the Hobson Survey, the same being 89 feet deep, also S 1 /2 of Lot 4 less 60 Feet off of the W side and 10 feet off of the East side, in the City of Jackson, First District of Hinds County Mississippi. The plat of Hob-son Survey is of record in the office of the Chancery Clerk at Jackson, Mis-sissippi.

"Witness my signature this the 17th day of December, 1919."

It will be observed that the confusion in the notices occurred in lines 21 and 22. Line 22 ought to have followed line 20, and line 21 ought to have been substituted for line 22.

Section 2772, Code of 1906 (section 2276, Hemingway's Code), provides, among other things, that in the foreclosure of mortgages and deeds of trust *in pais,* the published notices of such sales shall disclose the names of the mortgagors whose property is advertised to be sold. The mortgages under which this foreclosure took place contained the following provision with reference to their foreclosure by advertisement and sale through the trustee:

"This conveyance is in trust. Should we pay said indebtedness and interest owing thereon at maturity, this conveyance shall be void; otherwise, at the request of said L. D. McBride, his heirs or assigns, or either of them, the said Lamar F. Easterling, trustee, or any successor appointed in his place, shall sell said property and land, or a sufficiency thereof to satisfy the indebtedness aforesaid then unpaid, after having published notice of the time, place, and terms of sale in some newspaper published in said county for three consecutive

weeks preceding the date of said sale, and by posting one notice thereof at the courthouse of said county for said time.''

The notices here involved, we think, contained all the requisites provided for by statute, as well as by the mortgages themselves. The names of the mortgagor and mortgagee were given, the dates of the mortgages, the book and page of their record, the name of the assignee of the mortgage indebtedness, the fact that default had been made in the payment of the indebtedness secured, the fact that the trustee in the mortgages had been requested to foreclose the mortgage, a description of the property covered by the mortgages, to be sold, and the time, place, and terms of the sale. The fact that in the notices as they appeared in the newspaper and as posted certain lines were erroneously misplaced—one line being substituted for another—did not render the notices unintelligible to an interested and fairly intelligent reader. On reading the notices, one would at once see that line 22 was intended to take the place of line 21, and the latter the place of line 22, and that by so transposing those two lines the sense would be perfect. We are unable to see how any interested person, capable of reading and having ordinary intelligence, could have been misled by this confusion in the notices.

*Affirmed.*