SLY et al. *v.* GILLILAND et al.

In Banc. Oct. 24, 1949.

No. 37207 (42 So. (2d) 393)

**Ruth Campbell**, for appellants.

**Johnson & White**, for appellees.

**McGehee, C. J.**

This is a suit to cancel as a cloud upon the alleged title of Idela Roberts Sly et al. a foreclosure sale made on May 6, 1940, by W. H. Wallace, Trustee, under a deed of trust executed by them, dated November 24, 1934, and recorded in Book 67 at Page 136, of the Deed of Trust Records of

Holmes County, Mississippi, to secure an indebtedness in favor of E. T. Neilson in the original sum of $1500.00, and a good portion of which had been past due and unpaid since January 1, 1936.

The said complainants are the children of Simon Roberts, deceased, who admittedly owned at the time of his death the land involved in the deed of trust and situated in Holmes County, Mississippi, to-wit: "SE¼ of SW¼ of Section 6, Township 13 Range 3 East, NE¼ of NW¼ of Section 7, Township 13 Range 3 East, less 17 acres off West side thereof."

The deceased also left surviving him three grandchildren, who jointly owned a one-sixth undivided interest in the land and who did not sign the deed of trust in question. The trial court dismissed the bill of complaint insofar as the children of Simon Roberts were concerned, but recognized the said interest of his grandchildren in the land involved and ordered an accounting in their favor for rents and profits, etc.

It appears that in the recordation of the deed of trust there was no punctuation mark shown immediately following "SE¼ of SW¼ of Section 6, Township 13, Range 3 East". Hence, the appellants, Idela Roberts Sly and others, now contend that the excepted 17 acres were described in the instrument as recorded as being 17 acres off the west side of both of the 40-acre tracts hereinbefore first described.

The description of the land in the deed of trust as recorded is followed by these words "by the above description it is intended to describe all land owned by ourselves in Holmes County, Miss., whether correctly described or not, and being known as the Simon Roberts place".

There is no contention that the 17 acres which were not owned by Simon Roberts were 17 acres off the west side of the NE¼ of NW¼ of said Section 7, heretofore described in this opinion.

The notice of the trustee's sale, as published in the newspaper, and as posted at the County Court House, correctly described the land actually owned by the heirs at law of Simon Roberts, and although the said notice recited that the sale was to be made "by virtue of the provisions of a deed of trust . . . recorded in Book 67 on page 136", the description of the land in the notice was properly punctuated and was followed by the words identifying the Simon Roberts place as hereinbefore quoted.

We are therefore of the opinion that the description was sufficient to properly advise any fairly intelligent prospective bidder as to what land was to be offered for sale, and we think that the case of King v. Jones, 199 Miss. 666, 24 So. (2d) 860 and Ladnier v. Cuevas, 138 Miss. 502, 103 So. 217, are not to the contrary but rather sustain the foregoing view.

In the notice of sale published in the newspaper during the first of the three weeks' period of the advertisment, the words "secure the payment of a certain in—", (the "in—" being the first two letters of the word "indebtedness") were printed upside down. This error was discovered and corrected in the remaining notices, and the error did not appear at all in the typewritten notice published at the Court House. Because of the error in setting the type in the first notice which appeared in the newspaper, it is contended by the appellants that the notice at the Court House was not a true and correct copy of the first week's notice in the newspaper, and that the remaining notices in the newspaper did not cover the full three weeks' publication required. Therefore it is urged that the publication was insufficient in law, and would have the effect of deterring and confusing prospective bidders at the sale. We think that anyone sufficiently interested in the purchase of this land would have been willing to go to the trouble of turning his newspaper upside down and reading the words "se-

cure the payment of a certain in—'', according to their clear import, and that hence there is no merit in this contention as a ground for voiding the trustee's sale.

 The notice of sale contains a recital that the trustee had ''been requested to foreclose said property'', and an objection is made that the notice did not mention who had made the request. This contention, as well as that in regard to the words printed upside down, is answered in favor of the appellees, L. B. Gilliland, and others, who acquired the property by mesne conveyances after it had been purchased by Neilson at the foreclosure sale, by the principles announced in Readus et al. v. Easterling et al., 145 Miss. 13, 110 So. 769.

Other grounds of error are assigned as to why the decree appealed from should be reversed, but they are of less merit than those hereinbefore discussed.

 A motion is pending in this cause wherein a diminution of the record is suggested for the purpose of having placed before us the trustee's deed, the mesne conveyances by which the title is claimed by the appellees through E. T. Neilson, purchaser at the foreclosure sale, and a deed of trust from the appellee, L. B. Gilliland, in favor of the appellee, Holmes County Bank and Trust Company. This suggestion was not filed until four days before the case was submitted to us on October 10, 1949, for decision, although the record was filed here on December 23, 1948, and since there is no dispute in the briefs, which we deem material for the purpose of this decision, as to any pertinent fact that such conveyances would disclose, we are treating them as being before the Court, instead of delaying the disposition of the case. In other words, we are assuming that all of the facts contended for by the appellants in connection with the foreclosure sale are before the Court, and that they are true, but we are unable to agree with the conclusions drawn therefrom, and we think that the decree should in all respects be affirmed and the cause remanded for the accounting.

Affirmed and remanded.