ELIZABETH C. GILLESPIE *v.* JAMES H. MAGRUDER.

[46 South., 77.]

BOUNDARIES. *Original line. Adverse possession.*

> In a suit involving the boundary line between adjoining tracts of land, where defendant claimed beyond the line of her original tract by reason of adverse possession for a length of time sufficient to invest title, the claim should not be ignored and the inquiry limited to the location of the original boundary between the two tracts.

FROM the chancery court of, first district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

Magruder, appellee, was complainant in the court below; Mrs. Gillespie, appellant, was defendant there; from a decree in complainant's favor the defendant appealed to the supreme court.

The object of the suit was to fix a boundary line between the lands of appellee and appellant, and enjoin appellant from interfering with a fence erected by appellee as being on the line. The bill averred complainant's ownership of a certain tract of land adjacent to the land of appellant, and charged that the boundary line between the two tracts had been established by a survey, and that the appellant (defendant below) was wrongfully interfering with and removing the fence complainant had built on the line. A temporary injunction was issued. The appellant answered the bill admitted that appellee was the owner of the tract of land adjoining defendant's tract, but de-

nied that the fence, which she tore down, was on the true dividing line between her land and that of appellee, charging that the fence had been improperly located and was not on the true boundary line. Appellant made her answer a cross-bill, and prayed that appellee should be restrained from interfering with her land. Afterwards she amended her answer and cross-bill, and averred that she had been in open, adverse, and notorious possession of the land claimed and occupied by her for more than ten years before the correctness of the boundary line between the tracts had been challenged. The chancery court rendered a final decree, establishing a line laid out by a civil engineer, not the line insisted upon by either party to the suit, and made perpetual the injunction against the appellant.

*L. Brame,* for appellant.

The undisputed testimony shows that the old fence was the boundary line and that defendant had held and claimed up to this fence for nearly half a century. This is not a question of controverted testimony in which the decree of the chancellor would be treated as presumptively correct, but a case in which the testimony is all one way, and, as we have shown furthermore, the adverse possession of appellant is admitted by the pleadings, complainant not having denied the averments of the cross-bill as to this.

It is, of course, immaterial whether the old fence was on the true line or not, or whether it was straight or crooked, or whether the line upon which it was built forty years ago was run by compass or by transit. All this goes for naught. Suffice it to say, the fence was there. It was always known and recognized as the east boundary line of defendant's land, and she, and her husband before her, occupied and claimed up to this boundary. It may be true and probably is true that this old line established many years ago was not run by a compass and possibly it was not geometrically straight, was not without variableness or shadow of turning. But it was satisfactory to defend-

ant and the whole world these many, many years.    As to her it was an Hogarth's line of beauty.    The grand old pine trees and the ancient oaken posts that were renewed from time to time as the years rolled on were faithful sentinels, guarding the rights of appellant whose title became more and more secure with the flight of years.    This sturdy ancient boundary line with .its rugged features may not have pleased the esthetic taste of the other parties who would prefer a different line, but this could not affect the rights of appellant which became fixed many years before complainant purchased.

Where owners of adjacent land have a division fence supposed to be on a line, and the parties occupy with reference to it, claiming title for more than ten years, such title becomes good although it is afterwards discovered that the fence is not on the true line.    It is the fact that possession is held and title claimed which makes adverse possession, though occupied under a mistake as to the true boundary.    *Metcalfe* v. *McCutchen,* 60 Miss., 145 ; *Jones* v. *Gaddis,* 67 Miss., 761.

*Robert B. Ricketts* and *Frank M. Peyton,* for appellee.

We think that the decision of this case for the appellant involves the answering in the affirmative of two questions: First, Is the testimony as to adverse possession competent under the pleadings ? and, Second, Does the testimony introduced for the appellant show by a clear preponderance of the evidence as to that point that the appellant was, at the time of the filing of the bill of complaint, engaged in removing the appellee's fence back to a line on which it had stood continuously for a period of more than ten years ?

I. We contend that the testimony as to adverse possession was incompetent and that it could not properly have been considered by the chancellor.    The appellant admitted in her sworn answer that the appellee was the owner of the land described in the bill of complaint and described in that answer the land of the appellee in exactly the language of the bill; language which

it is clear left the question of the boundary lines of the tract of land to be determined by surveys made in accordance with the description in the appellee's deed. The intention of the appellant to make this admission and have the boundary line established by surveys which should follow the description of Magruder's land as set out in the bill and in the answer is perfectly clear and it must be remembered that in making this admission the appellant was acting with the advice of skilled and learned counsel. It seems to us quite apparent that the defense of adverse possession was brought into this case as an afterthought. At any rate the admission was made by the appellant under oath and stands unchanged and unmodified to this day. This admission must be taken, in this suit and between the parties as conclusive. 1 Am. & Eng. Ency. Pl. & Pr., 927, 928; 16 Cyc., p. 311; Fletcher, Equity Pl. & Pr., pp. 633, 342; *Williamson* v. *Downs,* 34 Miss., 402; *Cavender* v. *Cavender,* 114 U. S., 471.

It therefore follows that in this case the line between the land of the appellant and that of the appellee must be taken to be the western line of the tract of land described in the bill of complaint. Testimony tending to establish any other line as the true line is, therefore incompetent.

II. As to the testimony relied upon by the appellant as supporting her claim of title by adverse possession it must be noted at the outset that the defense interposed by the appellant is an affirmative one and must be supported by a clear preponderance of the evidence; as to that defense the burden of proof is on the appellant. It was incumbent on the appellant to show that the line to which she was engaged in removing the fence erected by Magruder was exactly the line on which she had maintained for more than ten years continuously the "old fence" or that it was entirely west of the line of the said old fence and therefore wholly on her own land. Of the witnesses who testified for the appellant only one testified as to her having continuously maintained any "old fence" on any line whatever and that witness,

Henry Reid, does not attempt to say positively that the appellant was engaged in removing the fence to exactly the same line on which it had stood.   Evidently he knew nothing about what the appellant was doing at the time the bill was filed, for he says that Mrs. Gillespie had hired him to help move the fence but that he heard that there was some trouble about it and was afraid to do the work.   The appellant herself testified that she was removing the fence to the line of the old fence and that the old fence line was the same as that run by Pierce.   On this point she is positively contradicted by her own witness, Pierce, who says that she was engaged in removing Magruder's fence to a line several feet west of the line run by the witness as a surveyor.   The witness Pierce said in his deposition that his line was a straight line running almost exactly north and south and yet if any one fact is clearly established in this case it is that the old fence was very crooked.   It is also perfectly clear that if the appellant was, as she stated, removing the fence to the line run by Pierce, she was placing it on a line on which it had never stood before for any length of time, much less for the necessary ten years.

MAYES, J., delivered the opinion of the court.

The chancellor decreed the true boundary line between the parties to this litigation to be the line as laid out in the diagram and plat attached to the deposition of Wilcox, surveyor and civil engineer, and ordered Mrs. Gillespie to surrender possession to complainant of all land claimed by her lying east of same.   We would not disturb the decree, were it not for the fact that the claim of Mrs. Gillespie that she has obtained title to the strip of land in question by adverse possession for a period of more than thirty years seems to have been ignored by the chancellor.   Under the pleadings in this case, the question is not where the true line may be shown by the surveyors to be; but the question is, conceding that Mrs. Gillespie claims a strip of land that belongs within the calls of the deed made to Ma-

gruder by Geo. W. Carlisle and others, has she held the land in controversy for the statutory period, claiming it as her land, asserting ownership of it, and claiming it as against all parties? It is undoubtedly shown that a part of the land in controversy is within the calls of the deed to Magruder; but the undisputed testimony shows that she has been claiming the land in question as against all persons for nearly thirty years. As to this there is no conflict in the testimony. All the witnesses introduced by her establish the fact of her claim, and this is not disputed in any way by Magruder. He says that he knows of no particular line that she has claimed, and does not know how long she has claimed it. In short, no proof is attempted to be made disputing her claim of adverse possession.

Since it appears from the record that the chancellor did not consider this question when on trial before him, his attention being addressed to another feature of the complaint, and in order that the parties may be given full opportunity to take testimony on all the issues of this case, we think that the decree should be reversed and the case remanded, with leave to either party to take further testimony and fully develop all the contentions; and it is so ordered.

*Reversed.*