GRIFFITH *v.* SWINNEY.

(Division B.    March 9, 1931.)

[132 So. 750.    No. 29283.]

**F. H. Bush** and **M. W. Boyd,** both of Laurel, for appellant.

**Collins & Collins**, of Laurel, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action of ejectment against the appellant in the county court of Jones county to recover of the latter a piece of land in that county. There was a trial resulting in a directed verdict and judgment in favor of appellee. From that judgment appellant prosecutes this appeal.

Appellant makes the point here, which was not made in the court below, that the county court was without jurisdiction. By section 693 of the Code of 1930 the county courts are given jurisdiction concurrent with the circuit courts of all matters of law "wherein the amount or value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of one thousand dollars."

The declaration is silent as to the value of the land, and there is no proof in the record addressed directly to that subject. The only evidence in the record which has any bearing whatever on the value of the land is the fol-

lowing: Appellee recovered a judgment against appellant in the sum of three hundred twenty dollars, on which execution was issued, and levied on the land involved in this cause. The land was sold under the execution, appellee being the purchaser at the sale, and received the sheriff's deed therefor. The land sold for seventy-five dollars, and the deed from the sheriff recites the consideration of seventy-five dollars. After the execution sale and purchase by appellee, appellant refused to yield possession of the land to appellee; hence this action of ejectment.

This question of jurisdiction, not having been raised in the trial court, cannot be raised in this court for the first time, because of the statute of jeofails, section 600 of the Code of 1930, which provides, among other things, that the failure to allege "that the suit or matter is within the jurisdiction of the court" is cured by verdict and judgment.

Affirmed.