# DANIELS *v.* JORDAN.

(Division B.   May 25, 1931.)

[134 So. 903.   No. 29445.]

S. L. Gwin, of Greenwood, S. E. Ormond, of Ruleville, and D. S. Lucas, for appellant.

**Alfred Stoner**, of Greenwood, for appellee.

Argued orally by **D. S. Lucas,** for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Jordan, was plaintiff in the court below, and brought a suit of ejectment for a strip of land lying

between lots belonging to Jordan and Daniels in the city of Greenwood, Miss.

The declaration did not allege the value of the land, and the proof did not specifically show what the value of the land was. The deed of plaintiff (appellee here) shows that he purchased three lots in the year 1919. This suit was brought some ten years later. The defendant pleaded not guilty, and also pleaded the statutory limitation of ten years.

The proof, without dispute, shows that Daniels purchased his lots in 1915 and erected a fence upon the line in dispute, or what he claimed to be the line between his land and the land purchased by Jordan, which fence extended, perhaps, two-thirds of the distance from the rear to the front of the lots.

When Jordan was about to purchase the lots, he wanted Daniels to join with him in having a survey made so he could see the line, but this Daniels refused to do, and stated that Jordan could have the survey made and that he (Daniels) would do what was right about the matter.

According to some of the plaintiff's testimony, later Jordan, after purchasing, desired to have the line run, when Daniels again refused to join him, but stated that Jordan could build a fence on his own land, and that he (Daniels) would permit his fence to remain, and that they could call the land involved "No Man's Land." This was denied by Daniels. Jordan did not take any steps to have the survey made until the year 1927, but in 1925 he again approached Daniels about having a survey made, stating that he believed the fence was over on his (Jordan) land, and that Daniels again stated he would do what was right, but claimed the fence was on the line.

Taken at its strongest, the proof for plaintiff as to adverse possession, or to prevent the operation of the statute of limitations, was merely a verbal statement; Daniels stating that he did not want anything that did not

belong to him, and that he would do right about it if and when the survey was made, but refusing to join in having one made, and refusing to move his fence.

At the conclusion of the plaintiff's evidence, the defendant moved to strike such evidence and enter judgment in defendant's favor, which motion was overruled; and, at the conclusion of the whole testimony, the defendant asked for a peremptory instruction, which was also refused.

The first point raised by the appellant is that the county court had no jurisdiction to try the suit, that it is a court of special and limited jurisdiction, and that all jurisdictional facts must affirmatively appear from the record, and that the land was not valued in the declaration, and the proof did not show that the value of the land was less than one thousand dollars, which is the maximum limit of value which may be tried originally in a county court.

There was no plea to the jurisdiction at the time of the trial, and nowhere during the trial was the point raised that the county court did not have jurisdiction.

We have recently held in the case of Griffith v. Swinney, 132 So. 750, that, where the pleadings do not raise the question, and it is not raised during the trial until after the verdict of the jury, it is cured by the statute of jeofails.

We also think the county court is not a court of special and limited jurisdiction within the rule stated. It is true the jurisdiction is limited in amount, but the county court is a court of record, and, except in cases arising from a justice of the peace court, the county court is governed by the pleadings and practices of the chancery or circuit courts, as the case may be. A justice of the peace court and the circuit court, and, in fact, all the courts of this state, are limited in some respects in their jurisdiction. The statute, however, gives the county court jurisdiction, concurrent with the circuit courts

and justice of the peace courts, of all causes where the value of the property involved, or the amount claimed, does not exceed one thousand dollars. It is not a court given jurisdiction to specifically try certain causes upon the existence of certain conditions or in a certain and specific manner. 15 C. J. 718, section 2; 7 R. C. L. 974.

We think, within the rule contended for, the county court is a court of general jurisdiction, and jurisdictional facts will be presumed in favor of the judgment, where the proof is silent.

On the second proposition, we think the proof clearly shows that Daniels was in possession of the lot, exercising ownership over it, and claiming the right to it from 1915 to the bringing of this suit, which was over ten years after the erection of the fence and the beginning of the acts of ownership over the strip of land involved. It does not matter in such case that the line claimed as being the real line is not, in fact, such, and that the owner believes that he is occupying the land within the calls of his deed. It is the fact of adverse possession and a claim of ownership for the statutory period that confers title, and not the real fact as to the existence of the line, nor does the fact of the payment of taxes by the plaintiff, during this period, on the land by proper description, alter the defendant's rights of adverse possession. Jones v. Gaddis, 67 Miss. 761, 7 So. 489; Greer v. Pickett, 127 Miss. 739, 90 So. 449; Schuler v. McGee, 127 Miss. 873, 90 So. 713; Evans v. Harrison, 130 Miss. 157, 93 So. 737.

The appellee (Jordan) relies strongly upon the statements made by Daniels that he was willing to do what was right, and did not want anything except what was his own, made prior to the running of the statute, as operating to stop the running of the statute, or to estop Daniels pleading the statutory limitations.

We do not think these verbal statements are sufficient. There must be either a suit during the time before the

expiration of the ten-year period or there must be a physical interruption of the adverse possession, or some unequivocal asserting of the claimant's rights, which would enable the person in possession to institute legal proceedings in trespass or otherwise to prevent acts of ownership.

We reiterate what this court said in McIntyre v. Harvey, 158 Miss. 16, 128 So. 572, 573: "We think the majority of the courts and the sounder reason hold that there must be something more than a protest to interrupt the running of a claim of right followed by actual users; there must be at least an interruption of the use . . . by the opposing person who opposes such claim. Where another is asserting a claim of right and using a passageway under such claim a party must do something more than merely verbally protest; there must be a physical interruption or a court proceeding or some unequivocal act of ownership which interrupts the exercise of the right claimed and being used by the opposite parties."

We are therefore of the opinion that the court below should have granted the peremptory instruction, and the judgment will be reversed and judgment entered here for the appellant.

Reversed and rendered.