Avera, et al. *v.* Turner Lumber Company, et al.

No. 40380          February 11, 1957          92 So. 2d 458

124

*Ben Stevens, Jesse M. Byrd,* Hattiesburg; *L. Barrett Jones,* Jackson, for appellants.

*John W. Backstrom,* Leakesville, for appellees.

Holmes, J.

The appellants, Guy Avera, Wheeler Avera and Mrs. Thelma Avera Guest, as complainants in the court be-

low, brought this suit against the appellees, Turner Lumber Company and L. O. McMillan, defendants in the court below, seeking a partition of approximately 80 acres of land in Greene County, Mississippi, described as the SE¼ of the SE¼ of Section 19 and the SW¼ of the SW¼ of Section 20, all in Township 4 North, Range 7 West, and seeking the cancellation, insofar as the same affects the claimed interest of the appellants in said land, of a certain oil, gas and mineral lease granted by the appellee Turner Lumber Company to the appellee L. O. McMillan, dated August 18, 1955, and purporting to convey all of the minerals in said land.

The appellants alleged that they were the owners of an undivided three-eighths interest in the land involved and that the appellee Turner Lumber Company was the owner of an undivided five-eighths interest in said land. The appellees denied that the appellants owned any interest in said land, and the appellee Turner Lumber Company asserted the full fee simple title to said land under and by virtue of a deed executed to it by Alex Avera and Thomas Avera purporting to convey and warrant the full fee simple title to said property, followed by actual, open, notorious, hostile, adverse and exclusive possession of said land under claim of ownership.

Upon the hearing of the cause, the chancellor rendered a decree dismissing the bill for partition and from this decree the appellants prosecute this appeal.

The facts are not in controversy. For a time prior to October 6, 1913, the land in question was owned by Thomas Avera and Alex Avera, each owning an undivided one-half interest therein. By deed dated October 6, 1913, and filed for record on October 17, 1913, Thomas Avera conveyed to his wife, Mrs. Alice R. Avera, his entire undivided one-half interest in said land. Mrs. Alice R. Avera died intestate on June 1, 1916, leaving as her sole and only heirs her husband, Thomas Avera, and her children, Guy Avera, Wheeler Avera and Mrs. Thelma

Avera Guest. By deed dated October 4, 1927, and filed for record on August 8, 1928, Thomas Avera and Alex Avera conveyed said land to the Turner Lumber Company, which deed purported to convey and warrant to the Turner Lumber Company the entire fee simple title to said land, and recited therein that the grantors were seized in fee of said land and had good right to sell and convey the same and that the same was free from all encumbrances. Thomas Avera died intestate on December 18, 1941. The Turner Lumber Company, upon acquiring the aforesaid deed from Thomas Avera and Alex Avera dated October 4, 1927, entered into immediate possession of said land and enclosed the same, together with other land which it owned, by a fence for pasture purposes, had the said land assessed to it for taxes, hired a caretaker to look after the land in said enclosure and protect it from trespass and depredations and forest fires, cut timber on said land, paid the taxes thereon continuously throughout the period of years to the present time, and claimed and asserted full ownership of said land and the full right of occupancy and possession thereof. Thomas Avera until his death lived on the south side of Highway 63 adjoining the aforesaid enclosure and within about a mile or a mile and a half of the land in question, and the appellants lived with him off and on and were living with him in October 1927 when the said land was conveyed as aforesaid to the Turner Lumber Company, and they continued to live there for a long period of years thereafter. The appellant, Mrs. Thelma Avera Guest, has a place just across the road from the aforesaid enclosure and she and her husband now live periodically at the old homestead formerly occupied by her father and farm the lands surrounding the same, and during the long period of years since the Turner Lumber Company acquired its deed to said land as aforestaid, none of the appellants have asserted any title or claim of ownership to said property until the

said Turner Lumber Company received a letter from Mr. Ben Stevens, attorney for the appellants, dated July 16, 1955, asserting an interest in the aforesaid lands.

The appellants contend that the evidence is insufficient to show that the full fee simple title to the entire land vested in the Turner Lumber Company by adverse possession, and that the chancellor erred in dismissing the bill for partition. It is the position of the appellants that although the deed from Thomas Avera and Alex Avera to the Turner Lumber Company purported to convey the entire fee simple title, the Turner Lumber Company acquired thereunder only the interest of the grantors in said land, which was an undivided five-eigthths interest, and that the Turner Lumber Company thereby became a tenant in common with the appellants and is precluded from asserting title by adverse possession to the entire land as against the appellants because the proof fails to show that the appellants had knowledge, or the equivalent thereof, of such adverse claim. To support this position the appellants rely wholly upon the decision of this Court in the case of Nichols v. Gaddis & McLaurin, Inc., 75 So. 2d 625, and contend that such decision is controlling in the case now before us. The appellants praticularly rely upon the following quoted from the syllabi of the case of Nichols v. Gaddis and McLaurin, Inc., supra:

"Mere recording of a fee simple deed by a tenant in common does not impart notice to other cotenants of an adverse claim to the land by the tenant in common."

"A tenant in common out of possession is entitled to assume that a cotenant in possession holds for all cotenants, until the tenant out of possession is given knowledge to the contrary, or the equivalent thereof, which must be shown by clear and convincing evidence."

The appellants argue that under the authority of the case of Nichols v. Gaddis and McLaurin, Inc., supra, the recordation of the deed from Thomas Avera and

Alex Avera to Turner Lumber Company purporting to convey the entire fee simple title imparted no notice to them as the other cotenants of an adverse claim to the land by the Turner Lumber Company, and that the proof fails to show that the appellants had actual knowledge, or the equivalent thereof, of such adverse claim, and that, therefore, the Turner Lumber Company failed to establish title by adverse possession and the chancellor erred in dismissing the bill for partition. The fallacy in the argument of the appellants is that it is not supported by the evidence. Under the proof in this case we find that the decision of the chancellor does no violence to the decision of this Court in the case of Nichols v. Gaddis and McLaurin, Inc., supra. In reaching this conclusion it is not necessary for us to decide, and we do not decide, whether the Turner Lumber Company became a tenant in common with the appellants upon acquiring its deed from Thomas Avera and Alex Avera. We may assume for the puropses of this decision that the Turner Lumber Company became a tenant in common with the appellants. The determinative question is whether the chancellor was justified in concluding that the appellants knew that the Turner Lumber Company was in the actual possession of the land and was claiming the full title thereto, or whether the facts and circumstances were such that knowledge on the part of the appellants that the Turner Lumber Company was in the actual possession of the land and was claiming the full title thereto must be necessarily presumed. In the case of Nichols v. Gaddis and McLaurin, Inc., supra, the Court said:

''In order to establish ouster of cotenants by a tenant in common in possession, the cotenants out of possession must have notice of his adverse claim either 'from actual knowledge or as is sometimes vaguely expressed, by acts equivalent thereto', as by conduct so unequivocal

that knowledge on the part of the cotenant out of possession must be necessarily presumed.''

It is inconceivable to us under the facts of this case that the appellants did not know that the Turner Lumber Company was in the actual possession of the land and claiming the full title thereto for longer than the statutory period of ten years. Proof of these facts as made by the appellees is not contradicted. This proof shows that the Turner Lumber Company upon acquiring its warranty deed to the entire land in 1927 went into the immediate possession of the land and enclosed it with other land which it owned by a fence for pasture purposes; that it had the land assessed to it and paid all taxes thereon from 1930 to the present time; that it hired a caretaker to look after the land within the enclosure to protect it from trespass and depredation and forest fires; that it cut timber thereon; that it openly exercised all acts of ownership over the land; that it openly claimed and asserted full title thereto; that the father of the appellants and the appellants themselves lived just across the highway from said land and within a mile or a mile and a half of the land in question; and that the appellants for at least eighteen years after they became of age came back and forth to their father's old homestead just across the highway from said land, and that one of the appellants, Mrs. Guest, and her husband now live periodically at their father's old homestead and farm the land surrounding the same; that during all of this period of time from 1927 the Turner Lumber Company has had the land enclosed with a fence, has provided a caretaker to look after it, has cut timber from it, has paid all taxes on it and claimed it openly as its own, and the appellants never asserted any claim or title thereto until the attorney for the appellants wrote a letter to the Turner Lumber Company under date of July 16, 1955, advising that the appellants were claiming an interest in said land. These undisputed facts lead to the

inevitable conclusion that the appellants knew that the Turner Lumber Company was in the actual possession of the land and was claiming the full title thereto for a longer period than the statutory period of ten years, and to the further conclusion that the full title to the land has vested in the Turner Lumber Compnay by adverse possession. The chancellor so held and dismissed the bill for partition, and we think he was correct.

The decree of the court below is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge,* JJ., concur.