BOUNDS, et al., COMPLAINANTS-APPELLANTS *v.*
DAVIS, et ux., DEFENDANTS-APPELLEES

No. 43639 November 1, 1965 179 So. 2d 566

*Jesse W. Shanks,* Purvis; *Robert L. Calhoun,* Hattiesburg, for appellants.

*Lawrence D. Arrington,* Hattiesburg, for appellees.

PATTERSON, J.

The complainants seek, as the result of adverse possession, confirmation of title in them to a small strip of land. The defendants deny adverse possession and claim title as the record owners of the property. From a decree denying confirmation and dismissing the cause, this appeal is taken.

The record reflects that the complainants own the Northwest Quarter of the Northwest Quarter of Section 36, Township 3 North, Range 14 West, less six acres, in Lamar County, and that the defendants hold the record title to the Southwest Quarter of the Southwest Quarter of Section 25, Township 13 North, Range 14 West which is immediately north of the complainants' property.

The land in controversy is the southern portion of the said Southwest Quarter of the Southwest Quarter of Section 25 which lies between an old fence line as it was formerly located and the section line between Sections 25 and 36. It is triangular in shape, varying from nothing on the eastern side to a width of eighty-six feet on the western side.

The complainants obtained their land in Section 36 by deed on April 5, 1951, and immediately went into the possession thereof. Their possession and occupancy included the strip in controversy which was bounded on

the north by an old fence. The evidence reflects without dispute that the complainants used the land up to the old fence both for row crops and permanent pasture from the time of their deed without physical interruption until 1963 when the defendants destroyed the old fence and constructed a new fence upon the section line, thus precipitating this lawsuit.

The defendants obtained their deed to the lands in Section 25 in 1957 and went into possession of that part of it north of the old fence in 1958, and in the same year voiced protest to the complainants that the old fence was not on the true line; whereupon they were advised by one of the complainants, Mr. Rubin Bounds, "This line suits me just fine." The record further reflects that the complainants continued their occupancy of the land south of the fence and, as a matter of fact, rebuilt the old fence though the defendants requested them not to do so until the line could be surveyed and established.

The precise question raised by one of the assignments of error is that the court erred in finding that the complainants had failed to prove title in themselves by adverse possession and that such finding was against the overwhelming weight of the evidence.

The undisputed evidence in this cause reflects that the complainants took possession of the land in controversy in 1951 and used and occupied it from that time without physical interruption or without suit being brought against them until 1963, the only interference as to their possession being the two oral statements or requests above-mentioned.

This Court held in *Daniels v. Jordan*, 161 Miss. 78, 84, 134 So. 903, 904 (1931), the following:

The appellee (Jordan) relies strongly upon the statements made by Daniels that he was willing to do what was right, and did not want anything except what was his own, made prior to the running of the

853

statute, as operating to stop the running of the statute, or to estop Daniels pleading the statutory limitations.

We do not think these verbal statements are sufficient. There must be either a suit during the time before the expiration of the ten-year period or there must be a physical interruption of the adverse possession, or some unequivocal asserting of the claimants rights, which would enable the person in possession to institute legal proceedings in trespass or otherwise to prevent acts of ownership.

This decision was followed in *Lott v. Sebren,* 210 Miss. 99, 48 So. 2d 626 (1950); *Batson v. Smith,* 211 Miss. 428, 51 So. 2d 749 (1951); and in *Trotter v. Roper,* 229 Miss. 784, 92 So. 2d 230 (1957).

In view of these authorities we are of the opinion that Mississippi Code Annotated section 711 (1956) — Ten Years Adverse Possession Gives Title — began to run from the date of the complainants' deed and actual occupancy in April 1951, and there being no interruption of this possession as outlined in Daniels *supra,* title ripened in the complainants ten years thereafter. The complainants having acquired a title to the disputed area by adverse possession prior to the survey, it was immaterial as to where the surveyor located the line in 1963.

We hold, therefore, that the court erred in refusing confirmation in the complainants and dismissing the suit. We have carefully checked the record and are of the opinion the complainants wholly failed in their proof of damages and therefore none is allowed.

The cause is reversed and remanded to the Chancery Court of Lamar County for appropriate proceedings, if necessary, to effectuate the removal of the fence erected by the defendants and for the establishment on the ground of physical evidence of the line as established by this decision.

*Lee, C. J., and Rodgers, Brady and Inzer, JJ.,* concur.