218 So.2d 863 (1969)
Mrs. Myra V. CASEY et al.
v.
August VALENTOUR et al., Trustees of Pearson Baptist Church.
No. 45188.
Supreme Court of Mississippi.
February 10, 1969.
*864 James B. Tucker, W.D. Kendall, Jackson, for appellants.
Murray & Bridges, Jackson & Brandon, for appellees.
GILLESPIE, Presiding Justice:
The Trustees of the Pearson Baptist Church filed a bill of complaint in the Chancery Court of Rankin County to reform two deeds from the defendants, designating the grantee as "Pearson Baptist Church," so as to name the trustees of the church and and their successors in title as the grantees, and to confirm title in the present trustees and their successors in office. After the suit was filed the church incorporated and the corporation was substituted as complainant. The defendant answered denying the essential averments to the bill of complaint and filed a cross bill. The chancery court overruled a demurrer to the original bill, sustained a demurrer to the cross bill, and the case went to trial on bill and answer and oral and documentary proof. The complainants were given a decree granting the relief prayed for and the defendants appealed.
The facts consist of the proof offered by the complainants. The defendants offered no proof.
The first deed, executed in 1950 and properly recorded, conveyed a lot 270 feet by 163 feet and the members of the Pearson Baptist Church fenced the lot and completed construction of a church in 1951. In 1952, when the second deed was executed and recorded, the fence was moved so as to enclose the land described in the second deed. The second deed described additional land for the purpose being used for a parsonage and the parsonage was built on the second tract in 1952 or 1953. At all times since 1950 the Pearson Baptist Church has conducted a church on the property and functioned as any other Baptist church holding regular meetings and services and used all of the property described in the two deeds and contained within the fence, except a strip conveyed back to the grantors. The church has been organized since about 1920, and since March 20, 1950, has maintained records which reflect that the church had trustees from that date to the present. It has also had a pastor and the parsonage has been in use since it was built. The property has been used and occupied openly and continually for more than ten years in the manner a church uses and occupies property.
Appellants assign several errors and contend that the chancellor erred in granting appellees relief. We find it unnecessary to decide any question except (1) whether at the time it took possession of the two parcels of property the Pearson Baptist Church was a religious society capable of taking title to property, (2) whether the church continued to exist as an organized *865 religious society thereafter, and (3) whether, as such organized religious society, it acquired title to the property by adverse possession. We answer these questions in favor of appellees. The decree is affirmed.
Mississippi Code 1942 Annotated, Section 5350 (1956) provides that any religious society, consisting of any particular denomination or congregation, desiring to act as an organized body, may do so by associating together and electing or appointing from its membership trustees, etc., by whatever name known. The proof showed that the Pearson Baptist Church has been an active organization since about 1920 and since 1950 it has maintained records showing the names of the trustees. Since 1950 the church has had a preacher and conducted regular church meetings and church services and the parsonage has been occupied. In our opinion the evidence was ample to show the existence of the Pearson Baptist Church since 1950 and earlier and that it was an organized religious congregation or society as contemplated by Section 5350.
Mississippi Code 1942 Annotated, Section 5351 (1956) provides that any religious society may own certain real property, including a building for a place of worship and a house for use as a place of residence of the pastor. A religious society is an entity and it may acquire title by adverse possession, and "[t]here is sufficient possession of such property if it is used in the way that such property is ordinarily used." Ivey v. Geisler, 213 Miss. 212, 215, 216, 56 So.2d 501, 502 (1952). The Pearson Baptist Church entered upon the lot described in the first deed in 1950, fenced it and built a church thereon. In 1952 it entered upon the lot described in the second deed, fenced it and built a parsonage thereon. Since that time the church building has been used regularly for church services and has functioned like any other Baptist church. The parsonage has likewise been used since it was built. This regular use and occupancy of the property for several years more than the ten year statutory period vested title in the church by adverse possession whether or not the deeds were valid. Ivey v. Geisler, supra.
Appellants assign as error the action of the trial judge in sustaining an objection propounded to Mrs. Casey, one of appellants, as to who came to see her in 1950 about deeding the property to the church. This was not reversible error because after the objection was sustained the matter was not pursued any further, and the record does not show what her answer would have been and whether it was relevant or material to any issue in the case. We are unable to say that her answer to this question, whatever it may have been, could have affected the results reached by the chancellor.
Appellants contend that it was error for the court to allow the secretary of the church to testify that the church records reflected the names of the trustees in 1950 without introducing the records in evidence. Ordinarily, the contents of documents or records cannot properly be shown except by introducing the document itself, which is the best evidence. In this case, however, there was no dispute as to the identity of the trustees in 1950 or any other time since. Section 5350, requires a religious society to keep a record of its proceedings. The testimony of the church secretary was admissible to show that the Pearson Baptist Church kept a record of its proceedings and that those records reflected the names of the trustees. Since there was no dispute as to the identity of the trustees it was not reversible error for the secretary to testify that the records showed the names of the trustees.
By resting our decision on adverse possession, we do not intend to infer that the chancellor erred in reforming the deeds so as to vest title in the trustees of the church and their successors in title, nor do we intend to infer that the deeds were void. We find it unnecessary to decide these questions, but it is noted that the only doubt about the record title of the church is the *866 designation of grantee, not the capacity of the church to take title.
In their cross bill appellants charged that one of appellants, Mrs. Myra Casey had been an active member of Pearson Baptist Church, and prior to the execution of the deed in question she was approached by Reverend Greer, then pastor of the church, and other unnamed members of the church who represented themselves as agents of the church, and promised that the conveyance of the property was only for so long as the property was used for church purposes; that a confidential relationship existed between Mrs. Casey and the Reverend Greer and other members of the church, and the deeds were given under these circumstances. It was further averred that the church was negotiating a sale of the property contrary to the promises made and the prayer was that the church be declared holder of the title to the property as constructive trustee for appellants. The cross bill also alleged that there was no consideration for the deeds but the true consideration was the faith and confidence placed in the pastor and other members of the church and the belief that the church would keep and use the property only so long as the church itself remained on the land and was used for the purpose of religious worship. Appellants rely on Sojourner v. Sojourner, 247 Miss. 342, 153 So.2d 803 (1963). In the Sojourner case it was charged that the oral promise to execute a deed to Myra Sojourner or to make a will in her favor was made with no intention of performing it and that the grantee Dan Sojourner would be unjustly enriched if he or his heirs were allowed to hold the property. In that case the court said:
The mere failure to perform an agreement does not raise a constructive trust, but a breach of an agreement or promise may, in connection with other circumstances, give rise to such a trust. A distinction exists between the breach of a promise not fraudulently made and the breach of a promise made with no intention of performing it. (247 Miss. at 353, 354, 153 So. at 807).
The cross bill did not charge that the church or its members actually made the representations or that they authorized Reverend Greer and the unnamed parties to make Mrs. Casey a promise that the conveyance would be good only for so long as the property was used for church purposes. The cross bill only charged that Reverend Greer and the others represented themselves as agents of the church. There is no charge that Reverend Greer or those acting with him acted fraudulently or that their conduct was unconscionable or that they used any artifice, concealment, or questionable means in acquiring the deeds. It is not charged that they made the promises with no intention of keeping them. The case is not brought within the rule laid down in Sojourner v. Sojourner, supra. We are of the opinion that the chancellor correctly sustained the demurrer to the cross bill.
We are of the opinion that the case should be affirmed.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.