GILLESPIE, Presiding Justice:
B. M. Stevens Company, a corporation (Stevens), filed suit against Zep McSwain and averred that McSwain was trespassing on three acres of land owned by Stevens. Stevens sought a decree enjoining Mc-Swain from further trespassing on the property of complainant and for damages. McSwain filed an answer and cross bill in which he averred that since 1927 he had been in adverse possession of the three acres of land described in the complaint, together with about ten acres of additional land. He sought confirmation of title and damages for a fence destroyed by Stevens.
After an extended hearing during which many witnesses testified, a decree was entered permanently enjoining McSwain from further trespassing on the lands of Stevens. McSwain appeals. We reverse as to the three acres and affirm as to the remainder of the land McSwain claims by adverse possession.
The land in dispute is part of a larger tract acquired by Stevens in 1919. Zep McSwain bought eighty acres of land adjoining the Stevens’ tract on the north and built a house on it near the dividing line between his land and the Stevens’ land. In 1927 McSwain fenced three acres of Stevens’ land next to his home, and since that time has maintained a garden and fruit trees on the three acres. The proof shows without dispute that his possession of the three acres has been sufficient to constitute adverse possession, unless his possession was by permission of Stevens.
The two principal witnesses for Stevens, B. M. Stevens, Chairman of the Board, and A. L. Moser, field manager for Stevens, testified that Stevens has done nothing to interfere with McSwain’s possession. Although Stevens’ defense was permissive use, B. M. Stevens never stated that he gave Zep McSwain permission to use the land. He testified that in recent years Zep McSwain talked with him about buying some land. This could have been construed as referring to the land in question.
A. L. Moser began working for B. M. Stevens and Company in 1941 or 1942, which was some fourteen years after Zep McSwain entered and fenced up the three acres of land. He testified that on several occasions Zep McSwain has offered to swap land he had title to for some of the Stevens’ land. Moser did not testify that McSwain stated to him that Stevens had given McSwain permission to enter upon the three acre tract. It is not clear what land is referred to in the property swap, whether it was all the land claimed by Zep McSwain or the three or more acres claimed by the garden spot.
Other witnesses testified that McSwain had been cultivating the garden on the three acres for the past forty-three years.
The proof is undisputed that McSwain was in continuous, open, and exclusive possession of the three acre tract for more than forty years, making use of it as a garden and for fruit trees. Stevens pleaded permissive use.
*709 As to the three acres used by Mc-Swain as a garden, the question arises whether the conversations testified about by B. M. Stevens and A. L. Moser were sufficient to prevent the bar of the statute of limitations. No precise proposition was involved in these conversations, and while they could have involved all or a part of the lands in controversy, the conversations took place years after the statutory period of ten years had elapsed from the time McSwain entered the three acre tract. In Daniels v. Jordan, 161 Miss. 78, 134 So. 903 (1931), this Court in quoting from a former case said:
The appellee (Jordan) relies strongly upon the statements made by Daniels that he was willing to do what was right, and did not want anything except what was his own made prior to the running of the statute, as operating to stop the running of the statute, or to estop Daniels pleading the statutory limitations.
We do not think these verbal statements are sufficient. There must be either a suit during the time before the expiration of the ten-year period or there must be a physical interruption of the adverse possession, or some unequivocal asserting of the claimant’s rights, which would enable the person in possession to institute legal proceedings in trespass or otherwise to prevent acts of ownership. (161 Miss. at 84—85, 134 So. at 904.)
We hold that the conversations referred to are insufficient to justify a decree for Stevens.
The testimony on behalf of McSwain is unequivocal that he entered possession of the three acre tract without permission of Stevens. There is no testimony to the contrary. B. M. Stevens, with commendable candor, simply declined his attorney’s pointed invitation to say that he gave McSwain permission to enter and occupy the three acre tract. Moser’s testimony on the permission question is not controlling since the statute of limitations had run before he was employed by Stevens.
We are reluctant to reverse the chancellor, but we are of the opinion he was manifestly wrong in failing to render a decree for McSwain as to the three acre garden tract. It is not inappropriate to add that the record shows that Stevens suffered McSwain and other members of the McSwain family to occupy parts of Stevens’ land for many years, and in this instance a benevolent attitude in not evicting Zep McSwain from the three acre tract resulted in its loss. The failure to evict, however, does not constitute permissive use.
We hold that the evidence on behalf of McSwain is insufficient to establish title by adverse possession to any of the land involved except the three acre tract, and except as to the three acre tract the decree is affirmed.
The decree is reversed as to the three acre tract, and the cause is remanded for the purpose of the entry of a decree confirming title in Zep McSwain to the three acres as described in the pleadings and the assessment of damages for the removal by Stevens of the fence from the three acre tract.
Reversed in part and rendered and remanded, and affirmed in part.
PATTERSON, INZER, ROBERTSON and HARPER, JJ., concur.