362 So.2d 830 (1978)
W.G. EADY
v.
J.B. EADY, Ruth Eady, Robert Liston Eady and Martha Jean Eady.
No. 50569.
Supreme Court of Mississippi.
September 27, 1978.
*831 Rainer & Sumrall, Pearl, Larry E. Clark, Taylorsville, J. Edward Rainer, Pearl, for appellant.
Tullos & Tullos, Eugene C. Tullos, L.D. Pittman, Raleigh, for appellees.
Before ROBERTSON, SUGG and COFER, JJ.
COFER, Justice, for the Court:
W.G. Eady, appellant, brought suit in the Chancery Court of Smith County to cancel cloud on title to land allegedly his, by appellees' claim thereagainst. Defendants, appellees here, are J.B. Eady and Robert Liston Eady, father and son, and their wives. Appellant and J.B. Eady are brothers, and the land involved came from the estate of their father. Appellant also prayed injunction against appellees' assertion of title to the land and otherwise attempting to exercise dominion over it. Appellant claims record title by deed. Appellees claimed ownership by adverse possession. The chancellor entered decree in appellant's favor as to part of the land, and upheld appellees' adverse possession defense as to part thereof.
In 1948, appellees J.B. Eady and his wife, Mrs. Ruth Eady, conveyed to appellant:
South 50 acres of the north half of the northeast quarter, less the East 10 acres, Section 12, Township 4 North, Range 7 East.
By their deed they reserved the "right of free use, control and possession of the above described property the remainder of the natural life of their mother Mary Lula Eady, provided that the grantors therein pay all taxes on said property, look after and care for said property, but on the date of the death of their said mother, the conditions herein set out in the reservations are immediately terminated."
Thereafter on February 25, 1959, appellant and appellees J.B. Eady and wife, Mrs. Ruth Eady, conveyed by quitclaim deed, all of the south 50 acres of the north half of the northeast quarter of Section 12, Township 4 North, Range 7 East, to appellants' and appellee J.B. Eady's mother, Mrs. Mary Lula Eady. When the purpose of this conveyance had been accomplished, Mrs. Mary Lula Eady executed warranty deed to appellant to the forty acres first hereinabove described, the deed being dated March 13, 1959.
The record reveals that there is a fence on or near the property first hereinabove described running in a more or less northerly and southerly direction. Appellant claims, and the chancellor, by his decree, concluded that the fence runs through the land in dispute, causing some twelve acres thereof to be easterly of the fence (which the chancellor found to belong to appellees by adverse possession) and some twenty-eight acres to be westerly thereof (adjudged to appellant).
The record is clear that paper title to the entire forty acres is in appellant. Appellee Liston Eady who claims the land east of the fence disclaims in his testimony any title by adverse possession, asserting rather that the forty acres deeded as hereinabove set out is there, appellant has it, and it does not include any land east of the fence.
Appellant strongly denied any adverse possession of appellees ripening into title, but rather effectually asserted his own continued ownership of it and that appellees J.B. Eady and Liston Eady only occupied it, to the extent of their occupancy, by his permission and consent.
Several assignments of error addressed to the claim of adverse possession were made *832 by appellant, and these will be decisive of this appeal.
Certain applicable legal principles are timely here. Persons relying on adverse possession as basis for their claim of title have the burden of proof on the issue. Kayser v. Dixon, 309 So.2d 526, 528 (Miss. 1975). For title to ripen in a claimant by adverse possession, the occupancy must be "actual, adverse, hostile, exclusive, peaceful, uninterrupted and continuous, under claim of ownership, open, notorious, and visible for the statutory period of ten years." Kayser v. Dixon, supra, and authorities therein cited. Record title coupled with actual possession of a part of the land constitutes constructive possession of the whole, except that part of the land in conflicting actual possession of another. Evans v. Shows, 180 Miss. 518, 522, 523, 177 So. 786, 787 (1938), Shepherd v. Cox, 191 Miss. 715, 731, 1 So.2d 495, sugg. of error overruled, 4 So.2d 217 (1941); Robinson v. Humble Oil and Refining Co., 253 Miss. 602, 625-626, 176 So.2d 307, 318 (1965).
These authorities precluded the running of adverse possession where occupancy is by permission of the owner or where the possession is not exclusive.
As to the first of these postures where the statute does not run, the record establishes that whatever possession appellee J.B. Eady, and those claiming with or under him had of the land in dispute, it was with the permission and consent of the record owner, the appellant. When appellee J.B. Eady and his wife deeded the land to appellant in 1948 they retained the use of it to the extent quoted hereinabove. When their mother had expired and appellant and J.B. Eady were returning from her interment, J.B. Eady asked appellant if he could continue to use the land as before, and appellant consented thereto. This permissive use continued until the year 1975 when the permission was about to be withdrawn.
As to the second of the factual situations barring the statute, the evidence wholly disproves any exclusiveness on appellees' part. In spite of vague claims by appellee Liston Eady as to payment of taxes, appellant produced receipts showing the land assessed for taxation in his name and paid for the years 1959-1976, inclusive. The schoolhouse, well established as being on the land east of the fence, was dismantled by authority of appellant; the barn or cotton house on the east side of the fence was used, at least from time to time, by appellant; he sold timber on the land two times; he gave an oil lease on it in 1965; and he denied to appellee J.B. Eady permission to cut timber from it. If it be conceded that appellees were occupying the land adversely to appellant, the possession would have to be described as scrambling, for appellant was active upon it also.
In addition to this proof, the record shows (not without contradiction) that appellee Martha Jean Eady, Liston's wife, asked appellant's wife that, if they ever decided to dispose of the forty acres, they sell it to Liston. In 1975, when appellant was about to lease the land and was establishing the boundaries, Liston asked that the land be leased to him instead. Appellee J.B. Eady proposed to appellant that he sell the land to Liston.
Appellant and appellee J.B. Eady had a brother, Oliver, who used appellant's land west of the fence by agreement with appellant. Oliver Eady left a son, James, at his decease, and James testified in the trial. He testified he was familiar with the fence; about 1974 he testified he and appellee J.B. Eady repaired the fence in question after some cattle had torn it down, and, as they were doing so, they discussed the need for a new fence and concluded that such was not then proper because sooner or later, J.B. Eady said appellant would claim his holdings, and then the fence would be relocated; they did not discuss the proper place for the fence, but that it would be relocated and rebuilt at such time as appellant would take possession of the entire forty acres.
He testified further that Liston visited him in Jackson in April 1975 and acknowledged the fact that the land belonged to appellant, prompted by the fact that the witness and others were drawing up leases *833 for the witness' place and appellant's place jointly, and inquired if appellant intended to fence the land Liston was using, and Liston asked him if appellant would lease to him the part of the land he had been using.
We conclude that appellees did not establish their title to any of the forty acres of land by adverse possession as was their burden, and reluctantly as is always true, we find the chancellor's decision on the part of the land east of the fence to be contrary to the overwhelming weight of the evidence.
That part of the chancellor's decree finding and adjudicating title to the land other than that on the east side of the fence, to be in appellant and removing any cloud of appellees therefrom and enjoining them from asserting claim to, or trespassing upon, or interfering with appellant's use thereof, is affirmed. We reverse that part of the decree dismissing appellant's bill of complaint as to the land east of the fence, and award to appellant the relief prayed as to the entire forty acres.
We remand the case for survey and location of the boundaries of the land involved and direct that the chancery court put appellant in exclusive possession of the land within the boundaries of said survey.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART, AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.