501 So.2d 1110 (1987)
Thomas A. ROY and Marilyn Joy Roy
v.
Leo KAYSER, Jr., Trustee of the Julius Moyse Estate.
No. 56161.
Supreme Court of Mississippi.
January 21, 1987.
F.W. Stratton, Liberty, for appellants.
Donald E. Walsh, Watson, Wilkerson & Walsh, Liberty, Thomas J. Lowe, Jr., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This case, involving adverse possession, comes to the Court from the Chancery Court of Amite County, Mississippi. At trial, the Chancellor found that the record boundary was the true and correct property line, neither party having shown title to *1111 additional land by adverse possession. We reverse.
On June 12, 1978, Leo Kayser, Jr., Trustee of the Julius Moyse Estate, brought suit to quiet and confirm title to a tract of land located in the NW 1/4, Sec. 24, T 4 N, R 4 E, Amite County, Mississippi. Kayser claimed that the tract's northern boundary line was shown by a line of trees, marked with orange paint. Thomas A. Roy and Marilyn Roy own a neighboring tract, located in the SW 1/4, Sec. 13, T 4 N, R 4 E, Amite County, Mississippi. The Roys claimed that their tract's southern boundary was shown by a five-line barbed wire fence. According to land records, the boundary between the two properties was the section line, separating section 24 from section 13.
Upon survey, it appears that there are .91 acres of land between the section line and the line of trees, claimed by Kayser as the proper boundary. Also, there are 2.94 acres of land between the section line and the fence, claimed by the Roys as the proper boundary. Total acreage then between the line of trees and the fence is 3.85 acres.
On judgment that the section line was the proper boundary between the two tracts, the Roys appealed, claiming that the evidence showed their title to the 2.94 acres of land between the section line and the fence by adverse possession.
On March 6, 1974, R.B. Ball and Iris Ball conveyed 32 acres of land to Thomas Roy and Marilyn Roy. At the time of the sale, Mr. Ball informed Mr. Roy that the property's southern boundary was the barbed wire fence. After their purchase, the Roys cleared the property of leaves, cut two or three trees, and planted grass up to the fence line.
There was testimony that a fence has stood on the site for at least 55 years. The present fence, though of an unknown date, completely encloses the Roy property. A prior fence was one of split rails. Ball and his employees had kept up the fence as he ran cattle on the land for a period of twenty years. The fence then separated cattle on the Ball-Roy property from cattle on the Moyse property; in fact, Jesse Fenn, Moyse's lessee, helped Ball maintain the fence. Ball also testified by deposition that he had a garden in the disputed area, growing corn and cotton there as well, before clearing and fencing it for the cattle. Since the sale of the property to the Roys, the land has been used for pasture.
In defense of his claimed title, Kayser offered proof that (1) the boundary lines, originally painted in 1954, were repainted in 1959, 1968, and most recently in February, 1978; (2) no one ever interfered with such periodic markings of the trees; (3) Kayser executed a lease for the tract's timber rights to Resource Management Service, which has managed the tract since 1953; (4) a representative of Resource Management Service marked timber for severance up to the orange line, some time after May, 1964; (5) another representative of Resource Management Service failed to notice any physical changes in the property until 1973; (6) Kayser executed a 20-year lease for the tract's pasture rights to Jesse Fenn in October, 1954; and (7) Kayser also executed a lease for the tract's mineral rights.
Based upon this evidence, the Chancellor found that both Kayser and the Roys had failed to prove adverse possession against the other, establishing thereby the record boundary as the property line.
Under Mississippi law, the party asserting adverse possession as the basis for their claim of title has the burden of proof on the issue. Gadd v. Stone, 459 So.2d 773, 774 (Miss. 1984); Georgia Pacific Corp. v. Blalock, 389 So.2d 498, 502 (Miss. 1980); Eady v. Eady, 362 So.2d 830, 832 (Miss. 1978). Such proof must show possession, which is, (1) open, notorious and visible; (2) hostile; (3) under claim of ownership; (4) exclusive; (5) peaceful; and (6) continuous and uninterrupted. Johnson v. Black, 469 So.2d 88, 90 (Miss. 1985); Gadd, supra, at 774; Eady, supra, at 832; Kayser v. Dixon, 309 So.2d 526, 528 (Miss. 1975). Moreover, these elements must be *1112 present for the requisite ten year period. Miss. Code Ann. § 15-1-13 (1972). Here, the Roys met their burden of proof, vesting title in them as a consequence.
It is undisputed that the Balls enjoyed complete and total possession of the tract between 1939, the year in which they moved to the site, and 1953, the year in which Resource Management Service began to oversee the Moyse Estate's holdings. Indeed, during this fourteen-year period, there is evidence that the Balls maintained the fence, planted a garden, raised crops, pastured cattle, and cut timber upon their holdings. Yet, none of these activities elicited any objection from Moyse, even though such acts were sufficient to "fly the flag over the land and put the true owner upon notice that his land [was] held under an adverse claim of ownership." Snowden and McSweeny Co. v. Hanley, 195 Miss. 682, 687, 16 So.2d 24, 25 (1943).
At trial, Kayser's evidence concerned only his possessory acts on the land since 1953; yet, it is clear that, by 1953, title had vested in the Balls, and, consistent with the Chancellor's findings, there has been no adverse possession by either party since then. Rather, following 1953, the acts of both Kayser and the Roys show no more than a "scrambling possession," wholly insufficient to divest the Balls, and now the Roys, of their title, previously gained. See, Davis v. Clement, 468 So.2d 58, 63 (Miss. 1985), Gadd, 459 So.2d at 774, Fairley v. Howell, 159 Miss. 668, 674, 131 So. 109, 110 (1930).
The mere existence of a fence around the property for a period of at least fifty five years offers this Court a substantial basis for its holding. In Cole v. Burleson, 375 So.2d 1046, 1048 (Miss. 1979), we stated, "If a fence encloses the property for ten years, under a claim of adverse possession, title vests in the claimant and possessor, even though the fence was subsequently removed or fell into disrepair." This is consistent with 7 Powell and Rohan, Powell on Real Property, § 1013[h][ii] (1984), which states that "fencing is one of the strongest indications of adverse possession." Indeed, at the conclusion of the trial, the Chancellor stated, "[T]he fence obviously has been in the same location for many years. I would say during our lifetimes, but at least for 30 years or so. I think that complainants were charged with notice of the fence and the use being made of that fence."
Additionally, the Court has rendered other decisions where the presence of a fence helped to demonstrate title to land by adverse possession: Trotter v. Gaddis and McLaurin, Inc., 452 So.2d 453 (Miss. 1984) (fence, raised crops, pastured cattle, and cut timber); McSwain v. B.M. Stevens Co., 247 So.2d 707 (Miss. 1971) (fence and garden); Casey v. Valentour, 218 So.2d 863 (Miss. 1969) (fence and church, holding regular services); Kuhn v. Gabriel Cemetery Assn., 202 So.2d 634 (Miss. 1967) (fence and cemetery, containing fresh graves); Berry v. Houston, 195 So.2d 515 (Miss. 1967) (fence and garden); Bounds v. Davis, 253 Miss. 849, 179 So.2d 566 (1965) (fence, raised crops, and pastured cattle); Bickham v. Bates, 246 Miss. 171, 150 So.2d 138 (1963) (fence, pastured cattle, cut timber, and paid taxes). See also, Hewlett v. Henderson, 431 So.2d 449, 452 (Miss. 1983); Hardy v. Lynch, 258 So.2d 414, 417 (Miss. 1972); Manar v. Smith, 236 Miss. 192, 196-99, 109 So.2d 652, 653-55 (1959); Avera v. Turner Lumber Co., 230 Miss. 123, 130, 92 So.2d 458, 461 (1957); Broadus v. Hickman, 210 Miss. 885, 892-893, 50 So.2d 717, 720 (1951); Kelly v. Wilson, 204 Miss. 56, 65, 36 So.2d 817, 820 (1948); Henritzy v. Harrison County, 180 Miss. 675, 695, 178 So. 322, 326 (1937); Gillespie v. Magruder, 92 Miss. 511, 515-16, 46 So. 77, 78 (1908); Jones v. Gaddis, 67 Miss. 761, 767, 7 So. 489, 490 (1890).
Several of the acts mentioned in the preceding paragraph are also present here, and likewise demonstrate that the Balls manifested the elements of adverse possession within the now disputed tract prior to 1953, sufficient to vest title in them and their successors, the Roys. Consequently, *1113 we reverse the Chancellor as a matter of law, and render judgment for the Roys.
REVERSED AND RENDERED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.