HINTON *v.* HINTON

No. 41613 December 5, 1960 124 So. 2d 844

*Lawrence D. Arrington,* Hattiesburg, for appellant.

*Edward J. Currie, Sr., Edward J. Currie, Jr.,* Hatties-
burg, for appellee.

McGᴇʜᴇᴇ, C. J.

The appellant and the appellee in the above-styled cause were married on April 9, 1941, and lived together until their final separation on December 12, 1955. There were five children born to their marriage, namely, Webber Lee Hinton, a daughter, Shelby Jean Hinton, a daughter, Freda Carol Hinton, a daughter, Harold O'Neal Hinton, a son, and Shannon Dean Hinton, a daughter. The two first named daughters remained with their mother at the time of the separation and have since remained with her, and the three younger children stayed with their father.

Following the final separation of the parties, the appellant, Mrs. Louise Hinton, sued the appellee Webber W. Hinton for a divorce, alimony for herself, custody of the children and money for their support, and for solicitor's fees and court costs. She alleged habitual cruel and inhuman treatment as grounds for divorce. That suit by Mrs. Hinton against her husband was Cause No. 3649 on the docket of the Chancery Court of Perry County.

The complainant alleged in her bill of complaint that the court should fix an amount to be contributed for her support and for that of the children, and that the home

place, consisting of 120 acres should be maintained intact as a home for her and the children. She alleged that the said home place was in the name of both the appellant and the appellee, and that it was accumulated by their joint efforts.

Answering the bill of complaint, the appellee, Webber W. Hinton, expressly denied, among other things, that the court should fix any amount to be contributed by him for the support of the appellant, and he expressly denied that the home place should be maintained intact as a home for the appellant and the children, and he also denied her allegation that the title to the home was in the name of both the appellant and the appellee, or that the land was purchased and paid for through the joint efforts of the appellant and the appellee.

The answer of the appellee further denied all of the material allegations of the bill of complaint, and denied that the appellant was entitled to any relief against the appellee.

The appellee filed a cross bill against the appellant in which he sought an absolute divorce and the custody of all of the children, and alleged that he was entitled to a divorce on the ground of habitual cruel and inhuman treatment.

On the trial of the cause the court rendered a decree on June 6, 1956, awarding a divorce to both of the parties on the ground of habitual cruel and inhuman treatment of one toward the other. This decree awarded the custody of the first two named children to their mother, Mrs. Louise Hinton, and $50 per month for the support of each of them, and the custody of the remaining three children to their father. No award of alimony was made to the wife and she did not appeal from the said decree. Nor did she at any time between the rendition of the said decree and the hearing of the present suit in 1959 ask for a modification of the decree of June 6, 1956.

The present suit was filed as a different numbered cause by the appellee, Webber W. Hinton, to obtain pos-

session of the 120 acres of land and to enjoin the said Mrs. Louise Hinton from further interfering with appellee's possession of said land. He asked that the court decree that he owned the title to and was entitled to the possession of the land and that Mrs. Louise Hinton be enjoined from further interfering with his right to the possession thereof. In that case, which was filed during the year 1959, Mrs. Hinton undertook to litigate her right to retain possession of said 120 acres of land under an alleged oral agreement with her husband, Webber W. Hinton, that she could retain possession of the land as long as she desired to do so, and she alleged that she had worked and helped pay for the land and that she was entitled to remain thereon on the ground that she owned an equity therein. The chancellor heard her testimony as to the land having been accumulated by the joint efforts of the parties, but he then ruled that the objection to the testimony should be sustained, and he granted the prayer of Webber W. Hinton, declaring him to be the owner of the legal title of the land and entitled to the possession thereof.

The appellant assigns as error the exclusion of her testimony as to the land having been accumulated by the joint efforts of the parties, and in granting to Webber W. Hinton the relief prayed for.

 █ We do not think there was any error committed on the part of the trial court in sustaining this objection and in granting the relief. The matter of whether or not she was entitled to alimony on the basis that the land was accumulated by the joint efforts of the parties should have been litigated in the former suit, and if the appellant in the instant case had not been satisfied with the said decree which failed to award alimony to her, or a lien on the land in her favor, she should have filed a petition prior to 1959 for the modification of the said decree. In other words, the question sought to be litigated on the trial of the instant case

came too late. The judgment of the trial court must therefore be affirmed.

Affirmed.

*Lee, Holmes, Ethridge* and *McElroy, JJ.,* concur.