ALLEN *v.* SMITH, et al.

No. 42832 December 16, 1963 158 So. 2d 750

*Jones* & *Stratton,* Brookhaven, for appellant.

*Cohn, Hobbs* & *Hobbs,* Brookhaven, for appellees.

GILLESPIE, J.

Mrs. Ruth Bond Allen, appellant here, filed suit against the administrator of the estate of her former husband and his heirs at law for partition sale of an automobile. The chancellor dismissed the bill of complaint and Mrs. Allen appealed.

Appellant was divorced from Lloyd Allen prior to September 3, 1959. They had planned to remarry. On September 3, 1959, appellant and Lloyd Allen purchased a 1959 Ford Galaxie automobile and had the title vested in "Mr. and Mrs. Lloyd Allen." Lloyd Allen traded in an old car which he owned and was allowed a credit on the purchase price of the new car of $506.85. Appellant traded in her old car and was allowed a credit on the purchase price of the new car of $295.86. The balance of the purchase price was financed through a conditional sales contract signed by Lloyd Allen and Mrs. Lloyd Allen as purchasers.

Lloyd Allen and appellant were remarried two days after the purchase of the new automobile and on September 5, 1959. Appellant filed suit against Lloyd Allen for a divorce and in February 1962 a decree was entered granting her a divorce. The record does not show who made the payments on the automobile from the time it was purchased until October 17, 1961, but after said date the payments were made by Lloyd Allen. At some date not disclosed by the record, the unpaid balance on the Ford Galaxie automobile was refinanced and in connection with the refinancing a credit life insurance policy was issued on the life of Lloyd Allen and he paid

the premium thereon in the amount of $127.80. When Lloyd Allen died the balance due on the purchase price of the 1959 Ford automobile was paid from the proceeds of the credit life insurance.

There is no proof that appellant was divested of her undivided one-half interest in the automobile. The parties were divorced on February 13, 1962, and neither the bill of complaint nor the decree made any reference to alimony or property of any kind.

Lloyd Allen died March 11, 1962, leaving as his heirs at law the persons named as defendants in the original bill.

The chancellor rendered an opinion and held (1) that since appellant and Lloyd Allen were not man and wife at the time the automobile was purchased on September 3, 1959, there was no Mrs. Lloyd Allen in existence and her name on the bill of sale was a nullity; (2) that since appellant made no claim to the automobile in the divorce proceedings she is estopped now to claim any interest therein, and (3) that appellant's interest in the automobile could not be more than $295.86, and that since she had the partial use of the automobile after it was purchased, the usage for the period of time the parties lived together was sufficient to extinguish her right.

 █ The first question is whether the bill of sale to the automobile purchased on September 3, 1959, vested in appellant a one-half interest in the automobile. We hold it did. The chancellor was in error in holding that since the parties were not married there was no such person as Mrs. Lloyd Allen. Appellant was obviously the person referred to in the bill of sale. We hold that title to the automobile was vested in appellant and Lloyd Allen as tenants in common.

 ██ The second question is whether appellant is estopped to claim a half interest in the automobile because she did not assert her interest in the automobile in the divorce proceedings. If the chancellor had been

correct in holding that appellant never had title to a half interest in the automobile he would have been correct in holding that she was estopped. She did have title to a one-half interest, therefore, appellees are estopped for the same reason the chancellor held appellant estopped. Appellant had title to a half interest as cotenant. The automobile was bought on the eve of and in contemplation of marriage, and was used by the parties during their marriage. The fact that Lloyd Allen paid more than appellant on the down payment and possibly made more payments on the conditional sales contract than appellant cannot be used to reduce appellant's interest in the automobile. The purchase, use, and payment of the automobile grew out of the marriage relation. The wife, appellant, had title to a half interest. If Lloyd Allen had an equitable claim to appellant's half interest, he should have asserted it in the divorce proceedings. Not having done so, he and his heirs are estopped from thereafter asserting such right. Bunkley and Morse's Amis, Divorce and Separation In Mississippi, Sec. 16.05. In short, divorced persons may not make equitable claims against each other asserting equitable claims to property, title to which is vested in the other, where the claim grew out of or inhered in the marriage relation and was not asserted in the divorce proceedings.

The third question is whether the chancellor was correct in holding that appellant's use of the automobile extinguished her rights of title. This also was error, and requires no discussion.

We reverse the decree and enter judgment here, adjudging appellant to own a half interest in the automobile in question and remand the case for further proceedings.

Reversed and judgment here for appellant and remanded.

*Kyle, Ethridge, McElroy and Rodgers, JJ.,* concur.