STAMPLEY, et al. *v.* GREEN, et al.

No. 43143        October 26, 1964        168 So. 2d 300

48

*Young & Hall,* Jackson; *Vanue B. Lacour, A. A. Lenoir,* Baton Rouge, La., for appellants.

*Corban & Corban,* Fayette; *Fred C. Berger,* Natchez, for appellees.

ETHRIDGE, J.

This controversy from the Chancery Court of Jefferson County involves conflicting claims of cotenants to a sixty-three acre tract of land. The appellants, Elizabeth Stampley and others, brought this action to remove clouds on their alleged title against Daisy Green and others, who claim title by ouster and adverse possession. The chancery court entered a decree finding for the defendants and cross-complainants, holding that they and their predecessors had been in adverse possession of the land since at least 1942. Mose Green, the husband of Daisy Green, an appellee, purchased this land in 1939 from Roy Geoghegan, who had obtained a forfeited tax land patent from the state that same year. The court concluded that Green and his successors in title, the appellees, had ousted appellants and acquired title by open and uninterrupted adverse possession over a period of approximately twenty years.

The evidence warranted the chancery court in making this finding that there had been an ouster by Green of the other cotenants, and acquisition of full title by him through adverse possession of the property. The only appellant meriting particular comment is

Hannah Green Tinner, an elderly Negro woman, who claimed a small fractional interest. She died pending her appeal, and it was revived in her heirs by stipulation.

Green permitted his sister, Hannah, to occupy a small house upon the land, after he moved on it with his large family in 1942. Green paid taxes in his own name, as did his successors, and worked and rented it, sold timber, rebuilt a house, retained all rents and profits as his own, did not recognize any cotenants, and held himself out as the owner, using the land as he pleased. He was recognized as the owner by the entire community.

■■ ■ A physical ouster is usual, but not necessary to establish title in a tenant in common by adverse possession. However, the ouster must be of an unequivocal nature, and distinctly hostile to the rights of the other cotenants, so that the intention to disseize is clear and unmistakable. The trial court found that Green's possession was attended with such circumstances as to evince a claim of exclusive right and title, and to show the denial of the right of the other cotenants to participate in the profits. ■■ ■ We can not say that it was manifestly wrong in holding there had been an ouster of Hannah, along with other cotenants. She was in the status of a licensee, and, as was said in the somewhat similar case of Brevard v. Fortune, 221 S.C. 117, 69 S.E. 2d 355, 362 (1952), ". . . the occupancy of a licensee is manifestly that of the licensor." To the same effect are Nichols v. Gaddis & McLaurin, Inc., 222 Miss. 207, 75 So. 2d 625 (1954); and Feliz v. Feliz, 105 Cal. 1, 38 P. 521 (1894).

Affirmed.

*Lee, C. J., and Gillespie, Rodgers, and Jones, JJ.* concur.