BILLY G. BRIDGES,
Commissioner for the Court:[1]
The record reveals that H. H. Lafferty, during his lifetime, was the owner of approximately 177 acres of land in Clarke County. H. H. Lafferty was married twice, and appellants are descendants of said H. H. Lafferty and his first wife. After his second marriage, and sometime prior to 1939, and apparently during the year 1934, H. H. Lafferty and his second wife prom-
ised to convey the land which is the subject of this lawsuit to appellees, one of whom was Flossie Clark, a child of this marriage. Appellees immediately began occupying subject property, which was 74 acres of the above-mentioned 177 acres, under an oral agreement to pay for same over a five-year period. In January 1939 said H. H. Lafferty executed a warranty deed to Flossie Clark, but his second wife did not join therein.
The proof showed that appellees, Flossie Clark and Fate Clark, her husband, lived on said property, fenced, farmed and grazed it, repaired improvements thereon and made other improvements thereto, rented said property to others for residential purposes, leased the minerals thereunder, paid taxes thereon, sold timber therefrom, and claimed said land, all prior to and following the death of H. H. Lafferty in 1947, and his wife, Lottie Lafferty, mother of appellee Mary Flossie Clark, in 1960. The proof further showed that H. H. Lafferty and his second wife moved from Clarke County some years prior to their deaths and did not return.
The remaining children of H. H. Lafferty and his second wife claimed no interest in subject property, but appellees testified that in order to clarify the record as to their title they requested quitclaim deeds from such remaining children. In attempting to obtain a quitclaim from Alfred Clayton Mosley, one of the appellants, the suit in the lower court arose. Appellant claims that this act was an admission that appel-lees knew that they did not own said land. Appellants further claim, and alleged in their petition for partition in the Chancery Court of Clarke County, that the deed executed by H. H. Lafferty alone on homestead property was void and that as a result there was no adverse possession of said land by appellees because appellants are cotenants and from the evidence there was no ouster as against such cotenants.
*617 The chancellor dismissed the petition filed by appellants and confirmed the title of appellees on their cross petition for confirmation finding that the appellees had ousted appellants after the death of H. H. Lafferty in 1947, and that the continuous possession of appellees thereafter was sufficient to acquire title to said land by adverse possession. The chancellor also found that the 74-acre tract of land in question was not a part of the homestead of H. H. Lafferty at the time of the execution of the deed covering same, and, therefore, it was not necessary that his wife sign the deed to the property as homestead property.
We believe the chancellor was correct in his findings except that portion relative to said tract not being homestead property. Subject property joined other property of H. H. Lafferty which was claimed as homestead and we think the 74 acres of said property were part and parcel of his homestead. To this extent the deed executed in 1939 by said deceased alone was then void. Appellants had taken possession of said land under an oral agreement to pay for same and for all intents and purposes thereafter claimed title to said land, including the time following acquisition of the deed in 1939 to Flossie Clark and following the death of H. H. Lafferty in 1947.
The Court is of the opinion that the appellees’ occupancy, possession and uninterrupted use of the property beginning in 1934 pursuant to the oral promise to convey, and certainly no later than 1939 when the deed was acquired, although it was void, amply established their claim to the land in its entirety. This claim in conjunction with open possession and use uninterrupted for more than ten years ripened title in them no later than January 11, 1949, ten years after the date of the void deed. In reaching this conclusion, we note that Alfred Mosley, the principal appellant, testified he knew that Flossie Clark and her husband were living on and claiming the land in 1937 and for years thereafter. He also testified the 74-acre tract was known in the community as the “Clark Place” and that his father had vacated the land and had died in Gulfport in 1947 and when he visited the old place thereafter, he knew the appellees were claiming the 74 acres as their own. His testimony establishes actual notice of appellees’ claim in the entirety and not partially as tenants in common.
Moreover, the adverse possession of the appellees began in 1939, several years prior to the deaths of H. H. Lafferty and his wife. The statute of limitations having begun to run, it was not interrupted or tolled by the deaths of Lafferty and his wife. Robinson v. Humble Oil & Refining Co., 253 Miss. 602, 176 So.2d 307 (1965), and Leggett v. Norman, 192 Miss. 494, 6 So.2d 578 (1942). Additionally, it need be said the appellees’ claim was open and exclusive to the entire property prior to the deaths of H. H. Lafferty and his wife, thereby refuting the presumption of a fiduciary relationship at the time the cotenancy came into existence by operation of law upon the death of H. H. Lafferty. See Bayless v. Alexander, 245 So.2d 17 (Miss.1971).
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
SMITH, P. J., took no part.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.