408 So.2d 1384 (1982)
H.D. PITTMAN and Adlaide McCarty Pittman
v.
Russell SIMMONS and Agnes Elizabeth Simmons.
No. 53186.
Supreme Court of Mississippi.
February 3, 1982.
*1385 Mitchell M. Lundy, Jim McRae Criss, Grenada, for appellants.
A.E. (Gene) Harlow, Grenada, for appellees.
Before SMITH, ROY NOBLE LEE and BOWLING, JJ.
ROY NOBLE LEE, Justice, for the Court:
Russell Simmons and Agnes Elizabeth Simmons, husband and wife, filed suit in the Chancery Court of Grenada County, Honorable L.E. Hannaford, Sr., presiding, against H.D. Pittman and Adlaide McCarty Pittman, his wife, seeking to remove clouds upon their property title and for injunctive relief. The chancellor entered a decree in favor of the Simmons and the Pittmans have appealed here.
The appellants assign three errors in the trial below, but the question of whether or not the lower court manifestly erred in finding that the appellants made no claim to the disputed property by adverse possession, and in rendering a decree for the appellees, disposes of all other questions.
In 1941, the appellants occupied a home and lot in the city of Grenada immediately north of the Eastview Subdivision. On March 15, 1955, they purchased certain property from Charles W. Arneson and Milton J. Percival for the purpose of enlarging the southern part of their lot. They received a deed covering what they thought to be the property involved here, it was surveyed by the city engineer and the appellants constructed a fence along the survey lines, which fence has remained intact to the present time. However, the deed to appellants did not include the disputed property which is described as twenty feet off the north end of Lot No. 6 and Lot No. 7 of the Eastview Subdivision.
On April 10, 1956, appellees purchased Lot No. 6 from Charles W. Arneson and on November 20, 1958, they purchased Lot No. 7 from him. At the time, appellants' fence extended across, and enclosed, the north twenty feet of said Lots 6 and 7. Appellants continued to occupy that part of the lots enclosed by the fence. They had erected and used a small storage building thereon and had planted a garden on the property. Appellants used same and claimed it until June 25, 1979, when this suit was filed.
According to the pleadings and the proof, the disputed property is described as:
The North 20 feet of Lot No. 6 and Lot No. 7 in the Eastview Subdivision in the North Half of the Southeast Quarter of Section 17, Township 22 North, Range 5 East, City of Grenada, Grenada County, Mississippi, according to the official plat of record in the office of the Chancery Clerk of Grenada County, Mississippi.
In his finding of fact, the chancellor stated:
[F]urther, the Court finds based upon testimony offered by and on behalf of H.D. Pittman and Adlaide McCarty Pittman that they make no claim to the disputed property by virtue of the Adverse Possession Statute applicable in the State of Mississippi, Section 15-1-13 of the Mississippi Code of 1972, Annotated, as amended; to the contrary, the Court finds that the Defendants, in offering proof as to ownership, relied solely upon the allegation that same had been conveyed to them under the aforementioned Warranty Deed and that they had bought and paid for the subject property.
The decree entered in this cause recited that the appellants elected not to show acquisition of title and ownership of the disputed property by adverse possession, but *1386 only claimed the property of which they were record owners. The court further held, as a matter of law, that adverse possession must be pled and proven, otherwise such affirmative defense is waived, and that title cannot vest in a party under claim by adverse possession unless a bill of complaint or cross-bill has been filed by that party. The decree ordered that within sixty days of its date, the defendants (appellants) must remove the fence and improvements placed upon the disputed property and that the complainants (appellees) have full, complete, and peaceful occupancy of same.
The record reflects that, after acquiring a deed to what they thought was the disputed property, the appellants took possession of said land, enclosed same with a fence, built a storage house upon it, cultivated a garden, and claimed and used the land as their own against the world for a period of twenty-five years. At one point in the record, the chancellor said, "Let's get to the elements of adverse possession, if that's what you are trying to prove rather than ask her a legal question." Thereupon, Mrs. Pittman testified that she had claimed and used the disputed property for twenty-five years, that she never let anyone else use it, that no one had ever tried to move her fence line, that she would fight for the land and that no one had ever tried to interfere with their ownership. Although the appellants did not file a cross-bill seeking to cancel the claim asserted by appellees, they did deny all averments of ownership on the part of appellees, and they charged that they have used said property in the same way for the past twenty-five years. We think that the averments of the answer were sufficient to raise the defense of adverse possession. Downing v. Starnes, 35 So.2d 536 (Miss. 1948); Dochterman v. Marshall, 92 Miss. 747, 46 So. 542 (1908).
The appellants thought that they had bought the disputed property and that their deed correctly described it. Even so, they vehemently claimed the land for the period of twenty-five years, though under the mistaken belief that it was included within the calls of their deed. The chancellor apparently thought they had abandoned their claim of adverse possession when they insisted that their deed covered all the property, including the disputed 100 X 20 foot strip. In Alexander v. Hyland, 214 Miss. 348, 58 So.2d 826 (1952), the Court said:
In the case of Metcalfe v. McCutchen, 60 Miss. 145, and Jones v. Gaddis, 67 Miss. 761, 7 So. 489, the Court held that even though a party has claimed the land in controversy as being within the calls of his deed and has relied upon his deed as the foundation of his claim, when in fact the land was not within the calls of his deed, yet, if he has occupied the land for the statutory period under the claim that it was his own and was embraced within the calls of his deed, he is entitled to recover on the ground of adverse possession; that it is the fact of adverse possession under the claim of right for the statutory period that establishes title. In its opinion in the Metcalfe case, the Court said: "We adopt the views of those courts which hold that that possession is adverse in which the holder claims, and intends to claim title, without regard to the fact that the possession and claim is held and made under an honest, but mistaken, belief that the land is within the calls of his deed. It is the fact that possession is held, and that title is claimed, which makes it adverse possession, or claim, or both, though they may have resulted from a mistake; but it is their existence and not their cause that the law considers, and existing, they constitute adverse possession."
In the case of Evans v. Harrison, 130 Miss. 157, 93 So. 737, 738, the Court held that where a person enters into the possession of land under the belief that it lies within the calls of his title deed, and occupies it adversely against the world for the statutory period under such belief, he will acquire title thereto, although it is shown later that the land does not lie *1387 within the calls of his deed, but lies within the calls of the deed of his adversary, who has paid taxes thereon during the entire period of the adverse possession. In that case the Court said: "The decisions of this court fully sustain the doctrine that it does not make any difference whether the land lay within or without the call of the title deed of the person in possession, where he in good faith, though mistakenly, thinks the land lies within the calls of his own deed, when in fact it actually lies within the calls of his adversary's deed. This has been distinctly held by this court in a number of cases."
(214 Miss. at 357-358, 58 So.2d at 829-830)
The evidence is overwhelming that appellants claimed the disputed property and established title by adverse possession. Although appellants did not seek by cross-bill to cancel appellees' claim to the property and confirm and quiet title in themselves, their defense of adverse possession was raised sufficiently in the answer and denied any relief to the appellees. Therefore, the judgment of the lower court is reversed and judgment is rendered here for the appellants dismissing the bill of complaint with prejudice.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.