508 So.2d 1062 (1987)
Frances Jean DAVIS
v.
John Earl DAVIS.
No. 56593.
Supreme Court of Mississippi.
May 13, 1987.
Rehearing Denied July 15, 1987.
*1063 John Booth Farese, Farese, Farese & Farese, Ashland, for appellant.
Talmadge D. Littlejohn, New Albany, for appellee.
Before WALKER, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This case presents the question whether the plaintiff in a partition action has presented enough evidence that she has an interest in the property sought to be partited so that she should survive a motion for summary judgment, the motion having been made on grounds that the establishment of an interest in the property is a necessary element of the Plaintiff's claim, failing which the claim must be dismissed. The Chancery Court granted the motion for summary judgment on the grounds asserted. For the reasons set forth below, we affirm.

II.

A.
Prior to 1960, Frances Jean Davis and John Earl Davis were husband and wife. On February 1, 1960, Paul Montgomery conveyed to John Davis by warranty deed property believed by them to be the property which is the subject of the present proceeding, this property being there referred to as Lot No. 1 in Montgomery Subdivision in Tishomingo County, Mississippi. Thereafter, the Davises occupied the premises as their homestead. Nothing in the February 1, 1960, deed vested any legal interest in the property in Frances Jean Davis.
There was one problem with the description of the property in the 1960 deed. The plat of the Montgomery Subdivision reflected two lots designated as Lot No. One. Apparently, this problem was of concern, for on January 20, 1965, Paul Montgomery and Floyd Montgomery executed a quitclaim deed purporting to re-convey the property to Frances Jean Davis and John E. Davis. As fate would have it, the quitclaim deed wholly failed to describe the property correctly.
The parties continued to reside thereon for some twenty years. During that time at least two deeds of trust were placed thereon wherein both John Earl Davis and Frances Jean Davis were the grantors.
On February 27, 1980, by final decree of the Chancery Court of Tishomingo County, Mississippi, the Davises were divorced. The decree reflects a contested divorce proceeding and, inter alia, contains a finding "that the former home of the parties hereto is in the name of John Davis and cannot and will not be disturbed by this court and will remain as it must his property."

B.
On September 30, 1981, Frances Jean Davis commenced the present partition action by filing her complaint in the Chancery Court of Tishomingo County, Mississippi. In that complaint she alleged that the property was owned jointly by herself and her former husband, with each owning a one-half interest. In due course, John Davis answered and alleged, inter alia, that Frances Davis had no interest in the property and that her claim, if any, was barred by res judicata, laches and estoppel.
Belatedly, in September of 1984, John E. Davis moved the court for summary judgment, denying again that Frances had an interest in the property and reasserting his defenses of res judicata, laches and estoppel. The matter came on for hearing at *1064 which time the Chancery Court took live testimony from John Davis and Frances Davis and at the conclusion of which he dismissed the complaint. Specifically, the court stated:
This is a suit for a partition of property, a proceeding having as an essential element and a prerequisite the ownership of an interest in the property. It is incumbent upon Ms. Davis to establish ownership. She did not do so.
Counsel for Frances Davis requested a specific ruling on her claim of an interest in the property by virtue of adverse possession but this too was rejected.
Frances Davis now appeals to this Court.

III.
Substantively, an action for partition of real property is governed by statute. Trigg v. Trigg, 498 So.2d 334, 335-36 (Miss. 1986). The right to seek a judicial partition is granted only to "parties in interest." Miss. Code Ann. § 11-21-5 (Supp. 1986). Without doubt, as an element of her partition action, Frances Jean Davis had to prove that she had an interest in the property. To withstand summary judgment, she was required to show at least an arguable basis in law and in fact upon which it might ultimately be held that she owns a partitable interest in the property.[1]
We consider first the record title. Insofar as the land records of Tishomingo County are concerned, there are only two instruments of relevance. The first is the February 1, 1960, warranty deed from Paul Montgomery to John Davis. On its face this deed makes John Davis the sole grantee. Without regard to whether the property conveyed was correctly described therein, nothing in the February 1, 1960, deed vests any interest in any property in Frances Davis.
Second, we have the January 20, 1965, quitclaim deed from Paul Montgomery and Floyd Montgomery to Frances Jean Davis and John E. Davis. This deed does name Frances J. Davis as a grantee. It contains an erroneous description, however. More specifically, no part of the property Frances Davis seeks to have judicially partited lies within the calls of the description contained in the January 20, 1965, deed. In that sense, the 1965 quitclaim deed vests no interest in Frances Jean Davis, and nothing in Cotton v. McConnell, 435 So.2d 683, 687 (Miss. 1983) suggests to the contrary.
Moreover, even if the erroneous description be reformed, the quitclaim deed is ineffective in the sense that, by virtue of a 1959 deed Floyd Montgomery had conveyed all of his interest in the land to Paul Montgomery, and on February 1, 1960, Paul Montgomery had conveyed all of his interest in the land to John Davis. In other words, at the time of the execution of the quitclaim deed, January 20, 1965, neither Paul Montgomery nor Floyd Montgomery had any interest in the land which they could convey. There was nothing upon which the quitclaim deed could operate. Accordingly, it vests in Frances Jean Davis *1065 no interest in the property here in controversy.
We have considered with some care the import of the problem with the description of the property found in the February 1, 1960, warranty deed. The description refers to Lot One, Montgomery Subdivision, Tishomingo County, when the plat shows that the subdivision contains two lots designated Lot One. The evidence before us makes clear, however, that, as between Paul Montgomery and John Davis, no one was misled. Frances Davis is hardly the sort of third party who might have been subject to prejudice because of the erroneous description. Suffice it to say that under circumstances such as these, the Court will not hold the conveyance void if by looking through its mistaken form to its substance the Court may ascertain with reasonable certainty what land was intended to be conveyed. Ladnier v. Cuevas, 138 Miss. 502, 508, 103 So. 217 (1925); see also Harris v. Byers, 112 Miss. 651, 660, 73 So. 614, 615 (1917).
On this record we hold that the 1960 deed was effective to vest title to the property at issue in John Davis.

IV.
Frances also claims that she acquired an undivided one-half interest in the premises by adverse possession. In the sense that she must have acquired this interest against her husband, John Davis, she is wrong as a matter of law. One element of a claim of adverse possession is that the party claiming thereunder has been in exclusive possession of the premises continuously and uninterruptedly for a period in excess of ten year. See, e.g., Roy v. Kayser, 501 So.2d 1110, 1111-12 (Miss. 1987); Eady v. Eady, 362 So.2d 830, 832 (Miss. 1978); Kayser v. Dixon, 309 So.2d 526, 528 (Miss. 1975). The present record is without contradiction that Frances Davis' occupancy of the premises was not exclusive. To the contrary, it was shared with her husband.
Adverse possession aside, Frances' interest in the property is at best a homestead interest under Mississippi law. Her legal relationship with her husband vis-a-vis title to the property is analogous to that of co-tenants. Our rule is well established that as between co-tenants, even though one may establish all of the ordinary requisites for an adverse possession claim, the adversely possessing tenant may not succeed absent actual notice to the co-tenant of the adverse claim to the land. See, e.g., Speight v. Wheeler, 310 So.2d 716, 720 (Miss. 1974); Kennedy v. Bryant, 252 So.2d 784, 786-87 (Miss. 1971); Johnstone v. Johnson, 248 So.2d 444, 447-49 (Miss. 1971). The co-tenant in possession must effect an ouster of the other of an unequivocal nature and distinctly hostile to the rights of the other so that the intention to possess adversely is clear and unmistakable. Monaghan v. Wagner, 487 So.2d 815, 819 (Miss. 1986); Stampley v. Green, 251 Miss. 47, 168 So.2d 300, 301 (1964).
By analogy, this rule applies in the case at bar. Frances Davis has no record title  only, at best, a homestead interest. To adversely acquire the one-half interest she claims, there would have to be an effective communication of her intent to that effect and a legal ouster of John Davis from the one-half interest in question. There is no evidence in this record remotely establishing this.
Pittman v. Simmons, 408 So.2d 1384 (Miss. 1982) affords Frances scant comfort. In that case H.D. and Adlaide M. Pittman jointly owned a residential lot in Grenada and purchased an adjoining lot. In fencing the new lot they enclosed (inadvertently, it appears) the north twenty feet of two neighboring lots. The Pittmans occupied and used the twenty foot parcel and kept it under fence for some twenty years. In the context of litigation between the Pittmans and the record titleholders, the Pittmans prevailed via adverse possession. Pittman, 408 So.2d at 1386-87. Nothing said there sheds light upon possible resolution of a Pittman v. Pittman controversy.
To be sure, our law recognizes an adverse possession claim where one enters into possession of land under the mistaken belief that it lies within the calls of his deed. If under such belief he occupies it *1066 adversely against the world for the statutory period, he will acquire title thereto. Alexander v. Hyland, 214 Miss. 348, 357-58, 58 So.2d 826, 829-30 (1952); Evans v. Harrison, 130 Miss. 157, 163-64, 93 So. 737, 738 (1922). That rule might well benefit John Davis under his February 1, 1960, deed in litigation with his neighbors, although we have held that deed, as explained by the evidence before the Chancery Court, effective to vest record title in John. No deed purports to convey Frances any interest in the property in dispute.
Similarly, Mosley v. Clark, 362 So.2d 615 (Miss. 1978) compels no contrary result. In Mosley, a husband and wife jointly adversely possessed certain real property and in dicta the court suggested that they had acquired title as tenants in common. Mosley, 362 So.2d at 617. The husband and wife had originally occupied the property under a void deed. The February 1, 1960, deed to John Davis was not void. Once resort to extrinsic evidence removed any ambiguity regarding the location of the property, that deed became who'ly effective and vested title in John Davis alone.

V.
In a technical sense, this matter was decided in the court below upon John Davis' motion for summary judgment.[2] The record below reflects, however, that an evidentiary hearing upon the motion was held at which time the court received testimony from John Earl Davis and Frances Jean Davis, from Billy Gann, a licensed surveyor who established the correct location of the property conveyed by the warranty deed from Paul Montgomery to John Earl Davis on February 1, 1960, and, as well, testimony was received from Paul Montgomery himself. In short, the court had before it a great deal more complete record than is normally the case on summary judgment proceedings.
Nevertheless, we have considered this matter on appellate review by reference to the familiar standards applicable where summary judgment has been granted. See New Orleans Great Northern Railroad Co. v. Hathorn, 503 So.2d 1201, 1202-03 (Miss. 1987); Smith v. First Federal Savings & Loan Association, 460 So.2d 786 (Miss. 1984); Vickers v. First Mississippi National Bank, 458 So.2d 1055 (Miss. 1984); Bourn v. Tomlinson Interests, Inc., 456 So.2d 747 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983); see also Celotex Corp. v. Catrett, 477 U.S. ___, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. ___, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Specifically, we will examine the record to ascertain whether there is a genuine issue of material fact and whether in the present state of the record we can say with confidence that John Earl Davis was entitled to judgment as a matter of law.
As explained above, the dispositive issue is whether Frances Jean Davis holds an interest in subject property sufficient to undergird her partition action. On this record we hold that John E. Davis carried the burden of persuasion assigned him by Rule 56, Miss.R.Civ.P. See Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985); Celotex Corp. v. Catrett, 477 U.S. ___, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In her effort to secure reversal of the judgment summarily entered below, Frances' brief states repeatedly that there were present "genuine issues of material fact" sufficient to preclude summary judgment. On close scrutiny, the claim falls.
Frances points to the problem with the description of the property in the February 1, 1960, deed. But, as explained above, there is no way this error  liberally viewing and resolving it in Frances' favor  may lead to finding that Frances owned an interest in the property. At best this is a dispute regarding an immaterial fact. See New Orleans Great Northern Railroad Co. v. Hathorn, 503 So.2d 1201, 1203 (Miss. 1987); Briscoe's Foodland, Inc. v. Capital Associates, Inc., 502 So.2d 619, 622-23 *1067 (Miss. 1986); Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985); Vickers v. First Mississippi National Bank, 458 So.2d 1055, 1061 (Miss. 1984).
Frances counts as significant that she joined John in the execution of two deeds of trust on the property. The explanation here is apparent: the lenders perceived that Frances had a homestead interest and thus required her signature on the deeds of trust. Frances makes a related claim that it would be "illogical" for her to "make house payments on a house in which she did not own a partial interest." Of course, it would not be illogical for her to make note payments on an installment note of which she was a co-maker.
On this record the Chancery Court correctly held that, on the essential issue of Frances' interest in the property, there are no genuine issues of material fact and John Earl Davis is entitled to judgment as a matter of law.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, J., dissents.
NOTES
[1] Although this is not the basis upon which the matter was decided below, it appears from the record that prior to this suit the issue of title to the property may have been settled in John Davis' favor and effectively precluded from relitigation. As indicated above, the final decree of divorce entered February 27, 1980, provided that

The former home of the parties hereto is in the name of John Davis and cannot and will not be disturbed by this court and will remain as it must his property.
It appears that this decision followed the actual litigation of the question. Indeed, it is established that ownership of disputed property may well be settled in divorce proceedings. Cf. Watts v. Watts, 466 So.2d 889, 890-91 (Miss. 1985); Allen v. Smith, 248 Miss. 340, 345, 158 So.2d 750, 752 (1963); Hinton v. Hinton, 239 Miss. 679, 682, 124 So.2d 844, 846 (1960).
Ordinarily collateral estoppel is available to preclude relitigation of an issue if certain familiar requisites are met. If identities of subject matter of the action, cause of action, parties and quality or character of person against whom the claim is made are present in a prior action, parties will be denied retrial. See, e.g., Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751 (Miss. 1982); Southern Land & Resources Co., Inc. v. Dobbs, 467 So.2d 652 (Miss. 1985); Mississippi Employment Security Commission v. Philadelphia Municipal Separate School District, 437 So.2d 388, 395-96 (Miss. 1983). The divorce action's resolution of the title issue appears to possess these requisites.
[2] The original complaint was filed on September 30, 1981, prior to the effective date of the Mississippi Rules of Civil Procedure. Frances Davis, however, has waived any objection on that ground to the Court's proceeding under Rule 56. See Brown v. Credit Center, Inc., 444 So.2d 358, 361-62 (Miss. 1983). She assigns no error in this regard.