DAN M. LEE, J.,
for the Court:
Charles Ferrell Sumrall and others brought suit in the Chancery Court of Jasper County seeking partition of an alleged V6 interest in land inherited from his grandfather, W.D. Sumrall, Sr. Sumrall also sought damages from Bay Springs Forest Products, Inc. (Bay Springs) and Georgia Pacific Corp. (Georgia Pacific) for timber cut and removed from part of this land. The chancellor held that Sumrall was estopped equitably, judicially, and barred by the doctrine of laches; whereupon, he granted summary judgment against Sum-rail and in favor of all defendants. A fourth defendant, Treeland Products, Inc., was also granted summary judgment but was later dismissed from this appeal without opposition.
Sumrall appeals, assigning as error:
I. The lower court erred in granting Summary Judgment in favor of the Appellees on the grounds of equitable estoppel.
II. The lower court erred in granting Summary Judgment in favor of Appel-lees on the grounds of laches.
FACTS
This dispute involves land that was owned by W.D. Sumrall, Sr., a widower who apparently died intestate in 1967, was survived by five children: P.O. Sumrall, Hazel Sumrall, Beatrice Tupman, Idell Sumrall, and W.D. Sumrall, Jr. A sixth child, William Oree Sumrall, who predeceased his father, had two sons: the appellant, Charles Ferrell Sumrall and Billy Ree Sumrall, who died in 1975. (Billy’s wife, Phyllis, and daughter, Renee, were also plaintiffs in the suit below which is still pending against the appellees in the Chancery Court of Jasper County.) The parties do not dispute that Charles Ferrell Sumrall and his brother each inherited a ½2 interest in the Sumrall property at W.D. Sumrall, Sr.'s death, through Mississippi’s laws of descent and distribution, and, thus, became co-tenants.
*909 In April 1970, unknown to Charles Ferrell Sumrall, four of the still living children of W.D. Sumrall, Sr. conveyed their interest to the fifth living child, W.D. Sumrall, Jr. Another deed, with the same language but with a corrected description, was executed by the same parties to W.D., Jr. on November 3, 1970. The deed stated that the grantors and the grantee were the sole heirs of W.D., Sr., and it purported to convey to W.D., Jr. the complete title to the property. At that time, however, neither Appellant Charles Ferrell Sumrall, nor his brother, Billy Ree Sumrall, had signed the deeds. Charles Ferrell Sumrall testified he learned of the deed to W.D., Jr. some months later, probably in 1971.
On August 1, 1977, W.D., Jr. and his wife executed a timber deed to an 18-acre tract of the Sumrall property to Bay Springs Forest Products, Inc., who, in turn, sold it to Georgia Pacific. This timber deed was not signed by the appellant, and neither Bay Springs nor Georgia Pacific sought Charles’ permission to cut timber.
Charles maintained that he and Billy Ree Sumrall went to the uncle, W.D. Sumrall, Jr., before Billy Ree’s death in 1975 and told W.D., Jr. of their joint inherited ⅛ interest in the property. According to Charles, W.D., Jr. did not readily acknowledge Charles’ and Billy Ree’s interest; however, after consulting with his attorney, W.D., Jr. “come around and reconciled to the fact that we was entitled to it.” W.D., Jr. stated that he would correct the problem, yet nothing was done, other than the preparation of his will naming Charles as executor.
W.D., Jr. died in 1980. The record does not contain a copy of his will, but the chancellor noted that it was admitted to probate in the Jasper County Chancery Court. The will named Appellant Charles Ferrell Sumrall as executor and he served in that capacity. Although the record is unclear on this point, the will apparently was not probated in its original form, as some of its provisions were contested by various heirs of W.D., Jr. An agreed settlement of W.D., Jr.’s estate was entered on May 13, 1981. Of worthy note is that Appellant was not an heir of W.D., Jr. and was not party to any of the family’s disputes or contest of the will; rather, his role with regard to the probate and settlement of the will was that of executor only.
The decree closing the estate purported to adjudicate title and distributed the 120-acre Sumrall estate among W.D., Jr.’s heirs.
The decree, signed by “Charles Ferrell Sumrall, executor,” stated that it represented an agreed disposition of W.D., Jr.’s property. The trial court placed great reliance on this document and Charles’ signature in determining that Charles was es-topped or barred from asserting his interest. This will be discussed in greater detail. Infra.
In May and October of the following year after the entry of this decree, defendant William V. Doggett, Jr. began obtaining from W.D., Jr.’s heirs deeds which omitted any reference to Charles’ or any other outstanding interest, and which purported to give Doggett fee simple title to a large part of the W.D. Sumrall, Sr. property. The record does not reflect when Charles Sumrall learned of the deeds from the Sumrall clan to the defendants, but the suit giving rise to this appeal was filed on July 12, 1984.
I. WAS THE GRANT OF SUMMARY JUDGMENT PROPER?
The question presented here is whether this case was a proper one for entry of summary judgment based upon equitable theories of estoppel or laches. Before reaching this question, however, we must remember the type of interests involved in the present controversy. This is not a case where a plaintiff seeks to assert title through a deed recorded outside the chain of title. Charles Ferrell Sumrall inherited an admitted ½2 interest in the property through our laws of descent and distribution upon the death of his grandfather, W.D. Sumrall, Sr. See Miss.Code Ann. § 91-1-3 (1972). The question here is whether Charles should be prohibited in equity from asserting this interest, including his right to partition, Miss.Code Ann. *910 § 11-21-3 (1972), or from asserting his undivided interest in the timber taken from the property. We do not think summary judgment was appropriate on this issue, since the record developed below did not establish the absence of material factual issues.
Rather, this appears to be one of those cases “where the purported establishment of the facts has been sufficiently incomplete or inadequate that [it cannot be said] with reasonable confidence that the full facts of the matter have been disclosed.” Dennis v. Searle, 457 So.2d 941, 944 (Miss.1984). We are further bolstered in this by the fact that estoppel and laches are affirmative defenses which must be plead and proved by the party asserting them, M.R.C.P. 8(c). See, e.g., Chapman v. Chapman, 473 So.2d 467 (Miss.1985) (asserting party bears the burden of establishing elements of estoppel).
Appellees Doggett, Bay Springs and Georgia Pacific state unequivocally that they rely on the statements made by Charles Ferrell Sumrall and Phyllis Sum-rall (Billy Ree’s widow) in their depositions as Appellees’ basis for affirmance of the granting of summary judgment. Yet, it is these depositions which point to unresolved and undeveloped factual questions which we think require reversal of the summary judgment granted here.
Perhaps most vaguely set out are the facts that purportedly support Doggett’s equitable defense. Doggett purchased the property from W.D., Jr.’s heirs. No affidavits affirmatively allege that he actually relied on the record title to his detriment in making these purchases. In fact, there is some evidence to the contrary. For example, Billy Ree’s wife Phyllis stated in her deposition that she called Doggett to inform him of her daughter’s interest before Doggett had acquired all of the deeds from the Sumralls. Yet the chancellor inexplicably found that Doggett was entitled to rely on the record title. Doggett surely does not deserve protection in light of the fact that he actually knew, but ignored, other outstanding interests in the property he was attempting to acquire.
The chancellor stated in his findings that “[c]ertainly anyone examining the records in this County would not have expected Charles Ferrell Sumrall to ever assert an interest in this property after he and his attorney agreed to entry of the decree adjudicating fee simple title to various other persons.” However, we think that the question of whether the appellant should be estopped by virtue of his signature in a representative (executor) capacity on the estate decree is a factual question which needs further development at trial.
This exchange took place when Charles was questioned about the estate decree during his deposition:
Q Is it true, Mr. Sumrall, that when the final decree when all was said and done in your brother’s (sic) estate and the final decree was signed by the Court, that you had also signed that final decree?
A Yeah, I signed it.
Q And is it true that that final decree left all the lands here in question to Bill Sumrall and his sister, Melinda Sumrall Myers, except for a life estate of part of that land to Oneeda Sumrall?
A That was just as executor only, as far as I signed.
Q What do you mean?
A I was trying to get this will and testimony straightened out, fulfilled to the obligations of myself, to my uncle.
Q No mistake in that though, you signed it for what it said; is that right?
A Well, I was under the impression when I signed it that it was just as the executor.
Q You were aware all during this time that you, in your heart you felt like you had a claim on some of this land?
A Right.
It seems, at the least, premature for the trial court to find that Charles Sumrall must be equitably bound by this signature, when the evidence is that he signed the decree in his capacity as executor only. Thus, he did not intend to relinquish any inherited rights, and signed for the sole purpose of settling the will contest between the children and widow of W.D. Sumrall, Jr. It makes even less sense to summarily bar Charles when there is some evidence *911 that the persons taking under the estate decree also knew of and recognized Charles’ inherited interest. Infra.
Nothing establishes that Charles knew of W.D. Sumrall, Jr.’s timber deed to Bay Springs Forest Products, Inc. Nor can Bay Springs and Georgia Pacific seek equitable protection in the estate settlement decree, since the timber deed predated the estate decree by more than three years. Further, the record is clear that Charles Ferrell Sumrall was a Texas resident. It is, thus, understandable that he might not have known what W.D., Jr. and his heirs were attempting to do with the property.
The chancellor also seemed to place great reliance on what he found to be fact, that Charles “never took any action whatsoever at any time to assert his interest or to put any of the movants or anyone else on notice of any purported claim or interest of his in [the] subject property.” There are two problems with the chancellor’s reliance on this point.
Charles stated in his deposition that he did take action by getting W.D. Sumrall, Jr. to acknowledge his ¾2 interest. The defendants brought forward nothing to dispute Charles’ claim that W.D., Jr. acknowledged his interest. If W.D., Jr. did not dispute Charles’ interest, it is difficult to see how Charles should be equitably or legally barred at the summary judgment level of this suit. Phyllis Sumrall stated in her deposition that both Bill Sumrall and Melinda Sumrall Myers (W.D., Jr.’s heirs) knew of Charles’ and her daughters’ interests. Thus, the heirs of W.D., Jr. cannot, and have not, refuted Charles’ claim.
Also, Charles filed the present suit on July 12, 1984, within three years from the date of the deeds executed by the Sumrall heirs and given to Doggett. This is, of course, an assertion of interest. We are not called upon here, nor do we, determine whether the statute of limitations for wrongfully cutting timber applies to this case.
Finally, the chancellor misconstrues the nature of Charles’ interest. Charles is only asserting a claim to damages for cut timber, but he is asserting a valid inherited interest in the land from which the timber was removed. Thus, this case is distinguishable from Davis v. Davis, 508 So.2d 1062 (Miss.1987), where the plaintiff could not establish her interest as a matter of law. Neither is adverse possession even suggested under these facts as supporting the chancellor’s decisions. Id.; Monaghan v. Wagner, 487 So.2d 815, 819 (Miss.1986); Stampley v. Green, 251 Miss. 47,168 So.2d 300, 301 (1964). Appellees cite no law holding that an heir with an antecedent interest in real property loses that interest to a third party who purchases it for value without notice, unless, of course, the statute of limitations intervenes. In fact, the general law appears to be to the contrary. See generally, 77 Am.Jur.2d, Vendor and Purchaser, § 741 (1975); 66 Am.Jur.2d, Records and Recording Laws, § 106 (1973).
In sum, we think “[t]his is not the sort of stuff of which summary judgments ought to be made.” Dennis v. Searle, 457 So.2d at 947. We again caution chancellors not to “assume” on a motion for summary judgment “that they have before them all the parties have to say about a matter and decide the case summarily.” Dennis v. Searle, 457 So.2d at 944.
Accordingly, we hold the undeveloped facts and the factual disputes raised in the motions and exhibits offered by the moving parties, taken in the light most favorable to the non-moving party, prohibit the entry of summary judgment against Charles Ferrell Sumrall and reverse.
The summary judgment granted against the appellant on May 9, 1985, is vacated, and this case is remanded to the Chancery Court of Jasper County, Mississippi, for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.