# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 95-CA-00461 COA

PEARL BLACKMON                                                APPELLANT

v.

WALTER LEE TRICE, RUBY BURKS,                                 APPELLEES

**PRICILLA TRICE MCGEE, DELORIS
WASHINGTON, MARILYN TRICE, CONRAD
TRICE, ANNIE DORIS AMIE, CHARLIE TRICE,
PRENTISS TRICE, LIONEL TRICE, GEOFFREY
TRICE, GENEVA TRICE, ELOISE SHUMPERT,
WILMA TRICE, ERIE WHEELER, PAXTON
THOMAS TRICE, SHELENA TRICE, KARMILLE
TRICE, DEJARETTE TRICE, RUBY MARIE
BURKS, CHARLES TRICE AND FORREST TRICE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED,
PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 3/24/95 |
| TRIAL JUDGE: | HON. TIMOTHY E. ERVIN |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | GENE BARTON |
| ATTORNEY FOR APPELLEE: | MICHAEL D. TAPSCOTT |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | FOUND FOR THE APPELLEES - 60 ACRES IN QUESTION WERE DIVIDED AS DEEDED IN 1958. |
| DISPOSITION: | AFFIRMED -10/21/97 |
| MOTION FOR REHEARING FILED: | 10/28/97 |
| CERTIORARI FILED: | 2/23/98 |
| MANDATE ISSUED: | |

BEFORE BRIDGES, C.J., HINKEBEIN, AND KING, JJ.

KING, J., FOR THE COURT:

This appeal arises from a judgment rendered in the Chancery Court of Lee County. The chancellor

dismissed an action brought by Pearl Blackmon to quiet and confirm title to sixty acres of land lying in Lee County. The chancellor quieted and confirmed the title to the Defendants and Counter/Plaintiffs, Walter Lee Trice and other heirs, who claimed an interest in the property through adverse possession.[1] Aggrieved, Blackmon alleges that the chancellor committed the following errors:

> I. THE APPELLEES DID NOT PROVE THAT THEY OWNED THE TRACT OF LAND AND DID NOT PROVE THEIR COUNTER-CLAIM.

> II. THE HONORABLE CHANCELLOR ERRED IN DISREGARDING THE UNDISPUTED TESTIMONY OF MARJORIE TRICE THAT HER SIGNATURE WAS FORGED ON THE VARIOUS DEEDS.

> III. THE HONORABLE CHANCELLOR ERRED IN FINDING FOR THE APPELLEES WHEN THERE WAS NO SWORN DERAIGNMENT OF TITLE SWORN TO AND MADE A PART OF THE COUNTER-CLAIM OR INCLUDED IN THEIR PROOF.

> IV. THE HONORABLE COURT ERRED IN ITS FINDING THAT THE CLAIM THAT THE 1958 DEEDS WERE FORGED WAS BARRED BY THE STATUTE OF LIMITATIONS.

The Appellees raise a cross-appeal alleging that the chancellor erred by denying their request for attorney's fees. We affirm the chancellor's decision to quiet title in the Appellees, but do so for other reasons.

## FACTS

In 1950, John Trice, Sr. conveyed, by warranty deed, eighty acres of land in Lee County to one of his four sons, Edgar Trice. The farm land is described as: the Western half of the Southeast quarter Section 29, Township 11, Range 6 East, in Lee County. In 1956, Edgar Trice and his wife, Marjorie Trice, used the property as security for a loan from the Bank of Okolona. In 1958, Edgar, Marjorie, and John Trice, Sr. conveyed sixty of the eighty acres of land to Edgar's three brothers: Tommie Trice, Charlie Trice, and John Trice, Jr. Tommie received forty acres; Charlie and John, Jr. each received ten acres. Before Edgar Trice died in 1968, the four brothers used the combined eighty acres as collateral for various secured transactions. Marjorie Trice also signed these deeds of trust.

Tommie Lee Trice also owned an undivided interest in three parcels of land lying partially in the Northeast Quadrant of the Southeast Quarter of Section 29, Township 11, Range 6 East in Lee County. These parcels of land were not a part of the original eighty acres owned by Edgar Trice.

In 1988, the children of the late Edgar Trice quitclaimed their interests in the Western Section and the Northern Half of the Southeast Quarter of Section 29, Township 11, Range 6 East located in Lee County to their mother, Marjorie Trice. There were no deeds or reference to deeds entered into the record to indicate how the children acquired any interest in this property. Nor was there any proof that the children received any interest through testamentary or intestate succession. In 1989, Marjorie Trice executed a warranty deed in which she purported to convey her interest in the North and West Halves of the Southeast Quarter Section to her daughter Pearl Blackmon.

Pearl Blackmon filed a complaint against Tommie Lee Trice and the heirs of Charlie and John Trice, Jr. to quiet and confirm title in all the property in both the West and North Halves of the Southeast Quarter Section. Blackmon alleged that in 1958 Marjorie Trice's signature was forged on the deeds which conveyed to Tommie, Charlie, and John Trice, Jr. undivided interests in the West Half of the Southeast Quarter Section. In the alternative, Blackmon alleged that Edgar and Marjorie Trice had an undivided interest in the property through adverse possession.

Tommie Lee Trice and the heirs of his brothers, Charlie and John, Jr. answered the complaint and filed a counter-claim. They contended that Blackmon's claims were barred by estoppel, laches, and the statute of limitations. As a counter-claim, the Defendants asserted that they were the rightful owners of the parcels of property in dispute.

The chancellor dismissed Blackmon's claim after her case-in-chief because she failed to prove by clear and convincing evidence that Marjorie Trice's signature was forged upon the deeds and failed to prove by a preponderance of the evidence that Edgar and Marjorie Trice adversely possessed the properties in dispute. Pearl Blackmon appeals that ruling, and Walter Lee Trice appeals the chancellor's denial of attorney's fees for the defendants.

> I.THE APPELLEES DID NOT PROVE THAT THEY OWNED THE TRACT OF LAND AND DID NOT PROVE THEIR COUNTER-CLAIM.
>
> AND
>
> II.THE HONORABLE CHANCELLOR ERRED IN DISREGARDING THE UNDISPUTED TESTIMONY OF MARJORIE TRICE, THAT HER SIGNATURE WAS FORGED ON THE VARIOUS DEEDS.

In issues I and II, Blackmon contends that the Appellees did not prove that they owned the tract of land and did not prove their counter-claim, and the chancellor erred in disregarding the undisputed testimony of Marjorie Trice, that her signature was forged on the various deeds. We disagree. We find that the chancellor correctly determined that the Appellees were the legal owners of the property in dispute.

However, our review of the record indicates that the determination of legal ownership did not turn on whether the Appellees acquired this legal interest through adverse possession. The evidence shows that Tommie Trice, Charlie Trice, and John Trice, Jr. held the property in dispute as a matter of right from the grantor, Edgar Trice. Based upon the documents placed into evidence by stipulation from the parties, Marjorie Trice held neither legal interest nor equitable interest in the property in dispute. According to the 1950 deed, in which John Trice, Sr. conveyed the Southeast Quarter of Section 29 to Edgar Trice, Marjorie Trice received no interest in the property. *Davis v. Davis*, 508 So. 2d 1062, 1064 (Miss. 1987) (holding that a warranty deed conveying property to husband as sole grantee vested no interest to property in wife). Edgar Trice was the sole grantee. Nor was there any evidence that Marjorie Trice held an equitable interest in the property as a result of its use as a homestead. Therefore, it was immaterial whether Marjorie Trice's signature was forged on the three deeds conveying the disputed sixty acres to Tommie Lee Trice, Charlie Trice, and John Trice, Jr. Because she had no actual or equitable interest, her signature was not required to transfer title to the property.

Marjorie Trice is purported to have received an interest in the North Half of the disputed property from her children in the 1988 quitclaim deed, which she subsequently purported to convey to Pearl Blackmon. However, Blackmon failed to set forth a deraignment of title that provided the court with any evidence that indicated that any interest in the disputed property had ever vested in her siblings that would have allowed them to quitclaim any interest to Marjorie Trice. Thus, the warranty deed that Blackmon received from Marjorie Trice failed to convey any interest in the North Half of the Southeast Quarter of Section 29 or in the sixty acres that the late Edgar Trice conveyed to his brothers from the West Half of the Southeast Quarter of Section 29.

In addition to a claim of forgery of the deeds, Blackmon raised an alternative claim of adverse possession of the disputed property. However, the chancellor found that she had failed to prove that by a preponderance of the evidence. This finding was supported by substantial evidence in the record and will not be disturbed by this Court. *Denson v. George*, 642 So. 2d 909, 913 (Miss. 1994).

Our review of the record, convinces us that the chancellor made a correct determination of the legal ownership of the disputed property, and this Court will not disturb that determination.

Pearl Blackmon raises four issues in this appeal. We find that the determination of issues I and II is dispositive of all of her claims, and therefore, we do not address issues III and IV.

CROSS-APPEAL

I.THE TRIAL COURT IMPROPERLY DENIED THE DEFENDANTS / COUNTER-PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES.

The Appellees contend that the chancellor erred by denying their request for attorney's fees in this action. The determination of attorney's fees is largely within the sound discretion of the chancellor and absent an abuse of that discretion, we will not disturb that determination. *Bank of Mississippi v. Southern Memorial Park, Inc.,* 677 So. 2d 186 (Miss. 1996); *Martin v. Martin*, 566 So.2d 704 (Miss.1990). We find no reason to disturb the chancellor's determination not to award attorney's fees to the Appellees.

**THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS AFFIRMED ON DIRECT AND CROSS-APPEALS. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**

1. The Complaint named Tommie Lee Trice and the heirs at law of his two brothers, Charlie and John, Jr., as defendants; however, Tommie Lee Trice died following the trial. Walter Lee Trice was substituted as a named defendant upon appeal. The following were named as heirs at law of Tommie Lee Trice, Charlie Trice, and John Trice, Jr.: Ruby Burkes, Pricilla Trice McGee, Deloris Washington, Marilyn Trice, Conrad Trice, Annie Doris Amie, Charlie Trice, Prentiss Trice, Lionel Trice, Geoffrey Trice, Geneva Trice, Eloise Shumpert, Wilma Trice, Erie Wheeler, Paxton Thomas Trice, Shelena Trice, Karmille Trice, Dejarette Trice, Ruby Marie Burks, Charles Trice, and Forrest

Trice.